PEOPLE v BREWER

Docket No. 54088. Submitted October 14, 1981, at Lansing.—Decided December 21, 1981.

Isaac L. Brewer was charged with receiving and concealing stolen property over $100. He moved to suppress certain evidence and to quash the information on the ground that the evidence was obtained as a result of an illegal search and seizure. Oakland Circuit Court, Hilda R. Gage, J., granted the motion. The people appeal. *Held:*

The opening of the door of the defendant's motor vehicle by a police officer for the purpose of checking its vehicle identification number did not constitute a search within the meaning of the Fourth Amendment. The intrusion was limited, and the officer had a valid reason to check the number. The defendant had no expectation of privacy in the number, which he had knowingly exposed to the public. The trial court erred in suppressing the evidence and quashing the information. The charge against the defendant is reinstated.

Reversed and remanded.

Searches and Seizures — Motor Vehicle Identification Numbers.

The opening of a motor vehicle door by a police officer to check specifically the vehicle's identification number on the door post does not constitute a search within the meaning of the Fourth Amendment where the officer has a valid reason for checking the number because a person has no expectation of privacy in a vehicle identification number.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*Arnkoff & McGinnis,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures §§ 16, 23.

Before: BASHARA, P.J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant was charged with receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803. After a preliminary examination, defendant was bound over for trial. Defendant then moved to suppress evidence and to quash the information. His motion was granted. The people's motion to reconsider the order to quash was denied, and the people appeal as of right.

In 1979, the Oakland County Sheriff's Department conducted an investigation of defendant's family regarding stolen automobiles and other stolen property. On November 27, 1979, pursuant to the investigation, a deputy sheriff executed a search warrant at 29825 Beck Road, Wixom, occupied by Curtis Brewer. The search uncovered stolen property. The deputy also observed a 1977 Chevrolet pickup truck, which he knew was registered to the defendant and believed to be stolen, located at 29895 Beck Road, which is adjacent to Curtis Brewer's property and occupied by a Mr. Johnson. Since the truck was not on the property for which the search warrant was issued, the deputy requested and received permission from Mr. Johnson to look at the truck. The deputy opened the door and looked at the vehicle identification number (VIN) on the door post.[1] The VIN identified a two-wheel drive truck, but the vehicle

---

[1] "The [public vehicle identification number] appears on a removable plate, usually attached to the front left door post of a car. The plate contains digits designating the manufacturer, model and year of the car. The last six digits constitute the serial number of the car, known as the true vehicle identification number (TVIN). The TVIN is also found stamped into the metal parts of the car in a number of locations, for instance just behind the radiator and on the rear axle." *United States v Polk*, 433 F2d 644, 645 (CA 5, 1970).

examined by the deputy was a four-wheel drive truck. The vehicle was impounded by the sheriff's department, and another deputy checked the confidential VIN which revealed that the vehicle was stolen. Defendant was then arrested.

The trial court found that there was a search of defendant's vehicle which violated the Fourth Amendment. The people maintain that the opening of a vehicle door to examine the VIN is not a search, and, assuming *arguendo* that it is, the deputy acted reasonably under the circumstances.

We find that the opening of a vehicle door specifically to check the VIN is not a search where the officer has a valid reason for checking the VIN. While there is a limited intrusion into the vehicle, it is not a "search" within the meaning of the Fourth Amendment because there is no expectation of privacy in the VIN. What a person knowingly exposes to the public is not subject to Fourth Amendment protection. *People v Whalen,* 390 Mich 672, 677; 213 NW2d 116 (1973), *People v Dinsmore,* 103 Mich App 660, 668-669; 303 NW2d 857 (1981). VINs are affixed to vehicles by manufacturers to aid in identifying the vehicles. Most states require that vehicles be registered with a state agency to establish a record of car ownership which is accomplished by the use of the VIN. It is routine practice for a police officer who stops a vehicle for a traffic violation to ask for registration papers for the vehicle which includes the VIN. In addition, VINs are typically disclosed in purchase documents and insurance policies. Therefore, a person has no expectation of privacy in the vehicles's VIN. *United States v Polk,* 433 F2d 644, 647 (CA 5, 1970).

In *People v Brooks,* 405 Mich 225; 274 NW2d 430 (1979), the Court found that there was no

"search" when a police officer crawled under the car to check a hidden VIN to compare to the VIN on the dashboard, in plain view, which appeared to be visibly altered. In finding no search in checking the hidden VIN, the Court also held that there is no reasonable expectation of privacy in vehicle identification numbers and no unlawful intrusion in obtaining them.

In *People v Valoppi,* 61 Mich App 470; 233 NW2d 41 (1975), this Court found that there was no search to obtain a confidential VIN. Also, see *United States v Johnson,* 431 F2d 441 (CA 5, 1970), and *Polk,* where the Courts found that a limited inspection of a VIN is not a search within the meaning of the Fourth Amendment, and *United States v Powers,* 439 F2d 373 (CA 4, 1971), *cert den* 402 US 1011; 91 S Ct 2198; 29 L Ed 2d 434 (1971), where the court found that there was a search but that the search would be proper if the facts available to the officer at the moment of the seizure or the search warranted a man of reasonable caution to believe that the action taken was appropriate.

Factually, the instant case is somewhat different from *Brooks* and *Valoppi* because here the deputy opened the truck door to view the VIN on the door post instead of crawling under the vehicle to check the hidden VIN. Nevertheless, we find no search because the deputy had a valid reason for checking the VIN.

The deputy testified that he believed that the vehicle was stolen because of information which he had received from an informant during the summer of 1979. He had obtained information from this informant previously, and the informant had been reliable. He then went to defendant's residence and obtained the license plate number

from a truck parked in the defendant's driveway. This was the same truck parked on Mr. Johnson's property on the day that the search warrant was executed and on which the VIN was checked by the deputy. A title check revealed that the defendant owned a two-wheel drive truck, but the vehicle which the deputy observed in the defendant's driveway was a four-wheel drive truck. The deputy did not attempt to seize the truck before the execution of the search warrant because he was involved in the ongoing investigation and believed that a premature raid would have alerted the suspects, resulting in a loss of other evidence. The only way to confirm whether the vehicle was stolen was to check the VIN. Therefore, the deputy, having observed the truck parked in the defendant's driveway and knowing the license plate was that of a two-wheel drive truck and not a four-wheel drive truck, had a valid reason to check the VIN. We conclude that there was no search and that the trial court erred in suppressing the evidence and quashing the information. The charge against the defendant is reinstated.

Reversed and remanded.