Jones, J.
(dissenting). I would affirm the order of the Appellate Division which upheld Criminal Term’s denial of defendant’s motion to suppress the .22 calibre revolver. I do not differ with the majority’s recital of the facts; I do depart, however, from the legal conclusion that it reaches.
It is undisputed that the police were warranted in stopping defendant’s 1972 Dodge Charger. They had observed that it was traveling in excess of the speed limit and that it had a cracked windshield. In this circumstance they were justified not only in stopping the vehicle but thereafter in obtaining its vehicle identification number (VIN).
The requirement that each motor vehicle be assigned a VIN is for the purpose of facilitating rapid, positive identification of each particular motor vehicle. The VIN is functional only when affixed to the particular vehicle and comes into the owner’s possession solely by reason of such affixation. The letters and digits constituting the VIN (as distinguished from the tab on which they may be imprinted) have no independent existence and are not susceptible of being possessed by the owner separate and apart from his possession of the vehicle or of being independently “seized” by the police.
The Supreme Court of the United States and our court have recognized that the owner of a motor vehicle has only a diminished expectation of privacy with respect to the *498 contents of an automobile that is being operated on the highway (United States v Chadwick, 433 US 1, 11-13; People v Belton, 55 NY2d 49, 53). With respect to a VIN affixed to a motor vehicle, however, once the vehicle is on the highway the owner can have no expectation of privacy.[1] The purpose of the VIN is to proclaim the identity of the vehicle, a purpose quite inconsistent with any legitimate privacy interest of the owner.
The police on the other hand have a compelling interest, usually in the identification of a particular motor vehicle, but always in the ready availability of a near-infallible method of vehicular identification. Positive identification of a motor vehicle may be sought by them for a variety of regulatory and administrative objectives as, for example, to establish correlation with a registration certificate produced by the driver, to make positive identification of a vehicle involved in an accident, or to determine whether the vehicle has been stolen. Its identification may also be sought, of course, for purposes of recovery of a vehicle previously known to have been stolen, but in many instances when inspection of the VIN is made the police have no intimation of actual preexistent criminal activity. Familiar concepts with respect to the necessity for probable cause to justify a search for or seizure of criminal evidence or contraband would be applicable to VIN inspection only if the objective of the police action was search for proof with respect to known or suspected preexisting criminal activity. These concepts are immaterial and have no application where, as here, there is no evidence that such was the purpose of police inspection of the VIN, the objective of which was identification of the vehicle only, with no thought of connection with known or suspected previous criminal activity. The purpose of the police was to obtain information, not to seize physical evidence.[2]
*499 In sum, except possibly in exceptional circumstances, I would hold that whenever the police are justified in making a traffic stop (cf. People v Ingle, 36 NY2d 413) they are authorized to inspect the VIN.
After the concededly permissible traffic stop in this instance Officer McNamee opened the driver’s door of the vehicle in expectation of finding the VIN on the inside panel of the door. Not finding it there he went directly to the other location where to his knowledge the VIN would be found — on top of the dashboard on the driver’s side. When he observed that view of the VIN in that location was obscured by some papers, he reached inside the vehicle and moved them aside to view the VIN. That he did not first request defendant to remove the papers or seek his consent to do so is immaterial; such consent could not permissibly have been withheld. The officer was not searching for or intending to seize any physical evidence on the ground that he had probable cause to believe that a crime had been committed; he was seeking information relevant and appropriate to the traffic stop which all concede he had been authorized to make.
The right of the police to inspect the VIN affixed to a motor vehicle is to be distinguished from the right of the police to search for or to seize a vehicular registration certificate. Registration of a motor vehicle, with the related license plates, in contrast to a VIN, serves to describe a vehicle and identify its owner and constitutes proof that *500 the vehicle has been properly licensed for operation on the highway for a specified period of time, customarily one year. In the course of its life a motor vehicle may be, and customarily is, the subject of several different registration certificates, reflecting different periods of licensing and usually successive ownership. A registration certificate may be independently possessed by its owner, on his person, in the glove compartment of the vehicle, or otherwise. Without probable cause the police would have no right to search the person of the driver of the interior of the vehicle to obtain a registration certificate. Penalties might attach to the failure of the driver to produce the registration certificate, but that fact would not enlarge the right of the police to search. The VIN, however, is intended to be indelibly affixed to the particular vehicle throughout its existence, irrespective of changing ownership of the vehicle and whether or not it is licensed for operation on the highway. As its name states, its purpose is vehicle registration without reference to ownership or licensure for operation.[3]
Inasmuch as in this instance the police had the right to inspect the VIN of the 1972 Dodge[4] and the revolver was observed inadvertently and without intention to search for it, under the plain view doctrine it should not be suppressed (see Texas v Brown, 460 US 730).
Chief Judge Cooke and Judges Wachtler, Meyer and Simons concur with Judge Kaye; Judge Jones dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order reversed, etc.

. A large number of cases have expressly held that there is no expectation of privacy in a VIN (e.g., United States v Powers, 439 F2d 373 [4th Cir], cert den 402 US 1011; United States v Polk, 433 F2d 644 [5th Cir]; United States v Graham, 391 F2d 439 [6th Cir], cert den 393 US 941; United States v Ware, 457 F2d 828 [7th Cir]; State v Colon, 6 Conn Cir 722; Commonwealth v Hason, 387 Mass 169; People v Brooks, 405 Mich 225; People v Brewer, 112 Mich App 670; People v Valoppi, 61 Mich App 470; Commonwealth v Grabowski, 306 Pa Super Ct 483).

. Several courts have adopted the view that entry into a motor vehicle to find the VIN is not a search for purposes of the Fourth Amendment (e.g., United States v Forrest, 620 F2d 446 [5th Cir]; United States v Duckett, 583 F2d 1309 [5th Cir]; United States v *499 Williams, 434 F2d 681 [5th Cir]; United States v Polk, 433 F2d 644 [5th Cir]; United States v Johnson, 413 F2d 1396, affd en banc 431 F2d 441 [5th Cir]; United States v Graham, 391 F2d 439 [6th Cir], cert den 393 US 941; United States v Ware, 457 F2d 828 [7th Cir]; Cotton v United States, 371 F2d 385 [9th Cir]; State u Renfrow, 123 Ariz 64; State v Cohn, 284 So 2d 426 [Fla App]; People u Brewer, 112 Mich App 670; People v Valoppi, 61 Mich App 470; Fox v Commonwealth, 213 Va 97). Many courts have upheld the VIN inspection, even if it be termed a search, in circumstances amounting to less than probable cause (e.g., United States v Dadurian, 450 F2d 22 [1st Cir], cert den 405 US 1044; United States v Powers, 439 F2d 373 [4th Cir], cert den 402 US 1011; United States v Duckett, 583 F2d 1309 [5th Cir], supra; United States v Ware, 457 F2d 828 [7th Cir], supra; United States v Powless, 546 F2d 792 [8th Cir]; United States v Brown, 535 F2d 424 [8th C.]; Cotton v United States, 371 F2d 385 [9th Cir], supra; State v Renfrow, 123 Ariz 64, supra; State v Colon, 6 Conn Cir 722; People v Wolf, 60 Ill 2d 230; People v Brewer, 112 Mich App 670, supra; Wood v State, 632 SW2d 734 [Tex App]; Fox v Commonwealth, 213 Va 97, supra; cf. United States v Squires, 456 F2d 967,970 [2d Cir]). Research has disclosed only six reported cases in which police inspection of a VIN has been struck down (United States v Nikrasch, 367 F2d 740 [7th Cir]; Simpson v United States, 346 F2d 291 [10th Cir]; State v Moore, _ Hawaii _, 659 P2d 70; People v Piper, 101 111 App 3d 296; State v McGann, 124 NH 101; State v Simpson, 95 Wn 2d 170).

. The right to inspect the VIN would not, of course, justify a rummaging search of a motor vehicle. The officer would be warranted only in going directly, as he did in this case, to a location where by the officer’s advance knowledge the VIN was to be found. By like token, a pretext search would not be condoned.

. I would reach this result without reference to the provisions of subdivision 4 of section 401 of the Vehicle and Traffic Law.