*51 OPINION OF THE COURT
Chief Judge Cooke.
The United States Supreme Court having disagreed with our perception of the requirements of the Fourth Amendment to the United States Constitution and reversed our earlier decision, this case comes once again to this court. Defendant urges that, although the search in question has been held valid under the Federal Constitution, we should hold that it violated section 12 of article I of the State Constitution, a contention not confronted when the case was previously before us. The identical wording of the two provisions does not proscribe our more strictly construing the State Constitution than the Supreme Court has construed the Federal Constitution (see Sibron v New York, 392 US 40, 60-61; Cooper v California, 386 US 58, 62). We do not find it necessary to consider the Supreme Court’s rationale as applied to our Constitution, however, for we now hold on a different rationale that the search and seizure were not improper under the State Constitution. The evidence sought to be suppressed was, therefore, admissible and defendant’s conviction should, in consequence, be affirmed.
The facts are uncomplicated. On April 9, 1978, a State trooper stopped a car speeding along the State Thruway in Ontario County. Upon smelling marihuana and seeing on the car floor an envelope of a type frequently used in sales of that substance, he ordered defendant and the three other occupants out of the car and then patted them down. He inspected the envelope and ascertained that it did contain marihuana. The trooper placed the four persons, who were still standing outside the car, under arrest. He then entered the vehicle, searched the passenger compartment and, finding defendant’s jacket lying on the back seat, opened its zippered pocket and discovered a small amount of cocaine. After defendant’s motion to suppress the cocaine was denied, he pleaded guilty to sixth degree criminal possession of a controlled substance.
The Appellate Division affirmed defendant’s conviction. This court, however, reversed and held that the cocaine should have been suppressed because the warrantless search of defendant’s jacket violated the Fourth Amend *52 ment to the United States Constitution (People v Belton, 50 NY2d 447). The Supreme Court, extending the rationale of Chimel v California (395 US 752), has now held that the Fourth Amendment did not prohibit the warrantless seizure and search of a closed container within the passenger compartment of an automobile shortly after the arrest of the vehicle’s occupants. It ruled that even though the search of the zippered jacket pocket took place after the occupants had left the vehicle and been placed under arrest, the search was permissible as incident to the arrest, and the cocaine admissible as the product of a proper search incident to lawful arrest (New York v Belton, 453 US 454). It found no need, in view of that conclusion, to consider the “automobile exception” to the warrant requirement, although as it acknowledged (453 US 454, 462-463, n 6, supra), the court had previously recognized the exception (see Arkansas v Sanders, 442 US 753; United States v Chadwick, 433 US 1; Carroll v United States, 267 US 132).
A majority of this court now concludes that the search which followed defendant’s lawful arrest was permissible under the State Constitution under the automobile exception to the warrant requirement.
By interposing the requirement of a warrant issued judicially, upon information attested by oath or affirmation and which establishes probable cause, the State Constitution[1] protects the privacy interests of the people of our State, not only in their persons, but in their houses, papers and effects as well, against the unfettered discretion of government officials to search or seize. To this proscription against “unreasonable searches and seizures”, certain narrow exceptions have been recognized. One such exception is the search incident to arrest, the classic statement of which is in Chimel v California (395 US 752, supra). It is grounded in protecting the safety of the arresting officer by permitting him to search for and seize weapons when there is reason to fear for his safety and in preventing the person *53 arrested from destroying evidence of criminal involvement by permitting the arresting officer to search for and seize such evidence.
Until the Supreme Court’s decision in the instant case, the search has been limited both temporally and geographically, a search being upheld only when it closely follows arrest and is of the person of the individual arrested and the area within his immediate reach (the “grabbable” area). In extending Chimel to the facts of this case, in which defendant’s jacket was neither on his person nor within his reach (he being outside the vehicle and the jacket being inside with its pocket zippered), the Supreme Court has departed from the rationale in Chimel. Once the exception is employed to justify a warrantless search for objects outside an arrested person’s reach it no longer has any distinct spatial boundary. As Judge Wachtler, dissenting in People v Brosnan (32 NY2d 254, 267), put it, “search and seizure law [becomes] uncontrollable when the rubric [is] adopted and the rationale discarded.”
A separate exception to the warrant requirement is that recognized with respect to automobiles. Its predicate is the reduced expectation of privacy associated with automobiles and the inherent mobility of such vehicles (see Cady v Dombrowski, 413 US 433, 442; see, generally, 2 La Fave, Search and Seizure, pp 508-544). As the Supreme Court has noted, “the configuration, use, and regulation of automobiles often may dilute the reasonable expectation of privacy that exists with respect to differently situated property” (Arkansas v Sanders, 442 US 753, 761, supra). Among the factors that contribute to this decreased expectation are that automobiles “operate on public streets; they are serviced in public places; *** their interiors are highly visible; and they are subject to extensive regulation and inspection” (Rakas v Illinois, 439 US 128, 154 [Powell, J., concurring]; see South Dakota v Opperman, 428 US 364, 368; Cardwell v Lewis, 417 US 583, 590-591 [plurality opn]). In addition, the mobility of automobiles often makes it impracticable to obtain a warrant (see United States v Chadwick, 433 US 1, 12, supra; Carroll v United States, 267 US 132, 153, supra).
*54 Logically, these considerations should apply to containers within the passenger compartment as well as to the compartment itself. Such containers, as distinct from their contents, are exposed to public view, and generally are subject to the same risk of theft or intrusion as other articles in the passenger compartment. Likewise, the special problems created by the mobility of automobiles apply equally to containers in the compartment. In both cases, the impracticability of obtaining a warrant and the danger that evidence may be lost in the interim merge as supportable bases for an exception to the warrant requirement.
The automobile exception has, however, been subject to the limitations inherent in the factors which are its predicate. Where the special mobility of autpmobiles is no longer a factor because the vehicle itself has been seized and impounded by the police, a warrantless search of the vehicle or of a closed container in the passenger compartment made after impoundment of the vehicle has been held justified only when the contents were by their nature sufficiently discernible to be said to be openly visible[2] or some special exigency existed (Preston v United States, 376 US 364; see People v Roman, 53 NY2d 39; cf. Arkansas v Sanders, 442 US 753, supra).
Justification for an automobile search contemporaneous with a valid arrest arises, however, not only from the mobility of an automobile, or the reduced expectation of privacy as to materials within the automobile, or both, but also from the circumstances which validate the arrest. Thus, by way of contrast, a motorist stopped for a traffic infraction may not be searched unless when the vehicle is stopped there are reasonable grounds for believing the driver guilty of a crime, as distinct from a traffic offense (People v Marsh, 20 NY2d 98, 101). However, a valid arrest for a crime authorizes a warrantless search — for a reasonable time and to a reasonable extent — of a vehicle and of a closed container[3] visible in the passenger compartment of *55 the vehicle which the arrested person is driving or in which he is a passenger when the circumstances give reason to believe that the vehicle or its visible contents may be related to the crime for which the arrest is being made (as possibly containing contraband or as having been used in the commission of the crime) or there is reason to believe that a weapon may be discovered or access to means of escape thwarted (see People v De Santis, 46 NY2d 82, 88-89; People v Weintraub, 35 NY2d 351). In the present case, in light of the discovery of the marihuana-filled envelope on the car floor and the odor of the substance, there clearly was reason to believe that the automobile might contain other drugs (cf. Dyke v Taylor Implement Mfg. Co., 391 US 216, 221-222).
In conclusion, then, we hold, that where police have validly arrested an occupant of an automobile, and they have reason to believe that the car may contain evidence related to the crime for which the occupant was arrested or that a weapon may be discovered or a means of escape thwarted, they may contemporaneously search the passenger compartment, including any containers found therein.[4] The search of defendant’s jacket as it lay on the back seat was therefore proper, and the evidence seized admissible.
Accordingly, the order of the Appellate Division should be affirmed.

. The first unnumbered paragraph of section 12 of article I reads: “The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.”

. As distinct from being in “plain view”, which requires that discovery of an object be inadvertent (Coolidge v New Hampshire, 403 US 443, 468; People v Jackson, 41 NY2d 146, 150; see 2 La Fave, Search and Seizure, § 7.5, subds [a], [b]).

. On the facts of this case we do not reach the questions whether a container which is not only closed but locked or a container within a vehicle’s trunk or baggage compartment comes within the exception. As to containers within the trunk, see Robbins *55 v California (453 US 420, 429), plurality opinion and Justice Powell concurring, but note that in granting certiorari in United States v Ross (454 US 891), the Supreme Court directed the parties to address the question whether the court should reponsider Robbins.

. Contrary to the assertion of the concurrence, today’s holding provides meaningful guidance to police officers. The area that may be searched is clearly delineated, as are the circumstances that justify such a warrantless search.