Jasen, J.
(concurring). While I agree that the order of the Appellate Division should be affirmed, I would do so by recognizing that under the State Constitution, as well as the Federal Constitution, a lawful arrest provides all the justification necessary for a search of both the defendant and the area within his immediate control. Thus, it was permissible for the arresting officers to open and search the briefcase which defendant was carrying at the time of his arrest. The only reasonable restriction would be that the search occur in close spatial and temporal proximity to the arrest. As the Supreme Court has recently stated: “‘A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest *460 requires no additional justification.’ ” (New York v Belton, 453 US 454, 461, quoting United States v Robinson, 414 US 218, 235.)
Furthermore, I perceive no rationale for creating a different standard under the State Constitution than currently exists under the Fourth Amendment to the United States Constitution. We have repeatedly recognized that the similar language used in section 12 of article I of the State Constitution means that it should be interpreted in the same manner as the Fourth Amendment (People v Ponder, 54 NY2d 160, 165.) There is even less justification for establishing different standards when the result creates, as I believe it does in this situation, a rule which will do little to eliminate the confusion that exists in this area of the law. The rules set forth by the majority have the same infirmities complained of by the Supreme Court in New York v Belton and by the concurring Judges when this court heard People v Belton on remand from the Supreme Court — that is, that the task of discerning the acceptable scope of a search incident to an arrest requires the evaluation of so many variables that “ ‘a person cannot know the scope of his constitutional protection, nor can a policeman know the scope of his authority.’ ” (People v Belton, 55 NY2d 49, 57, quoting New York v Belton, 453 US 454, 459-460, supra.)
If anything, those infirmities previously complained of will be exacerbated by the existence of two standards in this State.
Chief Judge Cooke and Judges Jones and Wachtler concur with Judge Meyer; Judge Jasen concurs in result in a concurring opinion in which Judge Simons concurs.
Order affirmed.