■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered November 7, 1985, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements which he made to the police.

Ordered that the judgment is affirmed.

We find that the court properly denied those branches of the defendant's motion which were to suppress the physical evidence, identification testimony, and the inculpatory statements which he made to the police *(see, People v Sobotker,* 43 NY2d 559; *see also, People v Belton,* 55 NY2d 49; *People v Gonzalez,* 39 NY2d 122).

The defendant contends that the prosecution failed to adduce sufficient proof to establish that he forcibly stole the complainant's pocketbook. Viewing the evidence adduced at trial in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. On July 24, 1984, the defendant sat on the complainant in the front seat of her parked car with his hand around her throat, which he pressed until she let go of her pocketbook. She sustained bruises to her neck, upper body, hip and thigh, and a scratch on her right cheek. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant further contends that the trial court erred by failing to charge the jury with respect to the lesser included offense of grand larceny in the third degree. In view of the injuries sustained by the complainant, there is no reasonable view of the evidence which would support a finding that the defendant committed a larceny but not a robbery *(see, People v Glover,* 57 NY2d 61). Thus, the court's ruling was proper.

We have examined the defendant's remaining contention that the sentence imposed was excessive and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.