■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MERCADO, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 26, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the seventh degree.

At issue on this appeal is the legality of the warrantless search conducted by State Troopers after the vehicle in which

defendant was riding was lawfully stopped for speeding. At 1:45 A.M. two State Troopers, sitting in their troop car parked in the median of the Thruway, observed a vehicle traveling in excess of 75 miles per hour. They pulled out to give chase and the speeding vehicle slowed to 55 miles per hour. The Troopers activated the troop car's lights and siren, and the vehicle slowed to 40 miles per hour, but did not immediately pull over. The Troopers could see three people in the car. The front seat passenger turned around several times to look at them, and the rear seat passenger, ultimately identified as defendant, ducked down out of sight three times. The vehicle pulled over and stopped about 1 to 1½ miles after the Troopers had activated the lights and siren.

The Troopers approached the stopped vehicle, one on the driver's side and one on the passenger side. Upon the Troopers' request for a driver's license, the driver and the front seat passenger spoke with each other in Spanish and a vehicle registration was produced from the glove compartment. The Troopers saw several wrapped razor blades in the ash tray and they also noted that the rear bench seat was loose, leaving a gap between it and the back of the seat. After several attempts to get a driver's license from the driver without a response, the Troopers ordered the three people out of the vehicle. As defendant was exiting from the rear seat, the Troopers noticed a piece of clear plastic protruding from under the seat where defendant had been sitting. The three occupants were directed to the front of the car where the Troopers questioned them concerning their identification. During their questioning, the Troopers discovered that defendant and his companions were each in possession of several different sets of identification, but no driver's license. The Troopers also learned that defendant and one of his companions had recently served time in State prison. The Troopers conducted a pat frisk of defendant and his companions; no weapon or contraband was found.

One of the Troopers then returned to his vehicle to run the various identifications through the dispatcher's computer via the troop car's radio. The second Trooper returned to the vehicle in which defendant and his companions had been riding to conduct a search. Upon removing the vehicle's rear bench seat, the Troopers discovered a clear plastic bag containing what appeared to be cocaine. Defendant and his companions were then placed under arrest.

In light of the holding in *People v Torres* (74 NY2d 224), the People concede that the search in this case cannot be justified

as reasonably related to the need to protect the Troopers' safety. Once the Troopers removed the three men from the vehicle and patted them down for weapons without incident, there was nothing to prevent the Troopers from questioning the men with complete safety *(supra,* at 230). Nor do the People seek to justify the search pursuant to "the search-incident-to-arrest exception to the warrant and probable cause requirements of our State Constitution * * * [which] exists only to protect against the danger that an arrestee may gain access to a weapon or may be able to destroy or conceal critical evidence" *(People v Blasich,* 73 NY2d 673, 678 [citation omitted]). Rather, it is the People's contention that "the escalating police responses were reasonably related in scope and intensity to the developing circumstances" and that the "totality of the circumstances gave rise to probable cause validating the search of the car". We disagree.

In *People v Belton* (55 NY2d 49, 53-55), the court recognized that a warrantless search of a vehicle may be authorized, not as a search incident to a lawful arrest, but as a search falling within the "automobile exception" to the warrant require-ment if the very circumstances that supply probable cause for an arrest also give the police probable cause to believe that the vehicle contains contraband, a weapon or some means of escape. In *People v Langen* (60 NY2d 170, 181, *cert denied* 465 US 1028), the court emphasized that the *Belton* rule "requires both probable cause to search the automobile generally and a nexus between the probable cause to search and the crime for which the arrest is being made", but in *People v Blasich (supra,* at 680), the court cautioned that the nexus require-ment should not be viewed as a narrow, formalistic approach restricted to charges formally announced by the arresting officer. The court explained *(supra,* at 680-681): "The connec-tion between the crime and the search is significant in the *Belton* context because the nature of the crime and the circumstances surrounding the arrest are what provide (or fail to provide) probable cause for the search. But there is no inflexible requirement that the search concern only items relating to crimes for which the defendant is formally ar-rested. * * * Thus, the proper inquiry in assessing the pro-priety of a *Belton* search is simply whether the circumstances gave the officer probable cause to search the vehicle. Whether the officer had probable cause to arrest an occupant of the vehicle for one or more crimes is significant."

In the case at bar, probable cause was lacking to arrest any of the occupants prior to the search, except the driver for one

or more traffic infractions. In *People v Ellis* (62 NY2d 393), the driver of a vehicle was arrested for a traffic infraction, and a lawful frisk revealed two bullets in his pants pocket, which "permitted the inference that defendant had a gun on his person or in the area and provided the police with probable cause to search the car" *(supra,* at 397). Here, in contrast, nothing was discovered in the frisk of the three occupants of the vehicle. Nevertheless, the People contend that the totality of the circumstances gave rise to probable cause validating the search. We conclude, however, that the Troopers had nothing more than a reasonable suspicion that criminal activity was afoot, which would justify the removal of the occupants from the vehicle for questioning and the frisk of the occupants, but not the further intrusion of a search of the vehicle's passenger compartment once the occupants were removed *(see, People v Torres,* 74 NY2d 224, *supra).* In contrast to *People v Hines* (155 AD2d 722, *lv denied* 76 NY2d 736), where we sustained the warrantless search of a vehicle stopped for a routine traffic check based upon reasonable suspicion of a violation of the Vehicle and Traffic Law, the Troopers' observation herein did not provide them with probable cause to arrest any of the occupants for a crime and probable cause to believe that the car would contain further evidence of that crime. Defendant's suppression motion should therefore have been granted *(see, People v Pena,* 155 AD2d 310).

The case of *People v Hudson* (112 AD2d 650, *lv denied* 66 NY2d 615), relied upon by the People, is distinguishable on its facts and was decided prior to *People v Torres (supra).*

Judgment reversed, on the law, motion to suppress granted, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this court's decision. Casey, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.