OPINION OF THE COURT
 

 Simons, J.
 

 Police stopped and arrested defendant while he was operating a white panel truck a few blocks from his residence in Queens and charged him with illegal possession of a vehicle identification number (VIN) plate and failure to have a proper license. Following the arrest, the police conducted a warrant-less search of the truck and found an assortment of stolen auto parts.
 

 On this appeal, defendant asserts that evidence obtained from the truck should have been suppressed because there was an insufficient "nexus” between the circumstances of his arrest and the probable cause for the search. For the reasons that follow, we conclude that the police search was permissible under both the Federal and State Constitutions and therefore affirm the order of the Appellate Division.
 

 At the suppression hearing, the arresting officers testified that the Auto Crime Division had begun an investigation of defendant several months earlier when an officer followed a trail of oil from the shell of a stolen vehicle to defendant’s home. Thereafter they maintained a surveillance of him, his vehicles and his residence and as a result discovered, among other things, that the license plates on defendant’s truck were from a Long Island car that had been stolen and stripped of its major components and that the truck’s VIN plate was from another vehicle.
 

 
 *466
 
 In the hours preceding the arrest, police saw a dismantled vehicle in defendant’s garage and saw defendant loading fenders into the back of his truck. They waited until defendant’s truck pulled away from his home, followed it a few blocks and then, when they suspected that defendant had become aware they were following him, stopped the truck. Defendant was unable to produce a license. He did produce a registration but it indicated the vehicle was owned by the woman on Long Island whose car had been stolen. Defendant stated that the woman was a friend who had lent the truck to him, but police knew from their earlier investigation that she did not own a truck.
 

 Defendant was arrested for illegal possession of a VIN plate and failure to have a valid license. Police then searched the truck and discovered an assortment of vehicle parts and an itemized price list for them. The officers also determined that the truck was stolen. Based in part on the evidence uncovered during the truck search, police obtained a search warrant for defendant’s residence and found additional incriminating evidence there.
 

 Following Supreme Court’s denial of a motion to suppress the evidence obtained during the search of the truck, defendant pleaded guilty to several charges of criminal possession of stolen property and related offenses. The Appellate Division affirmed.
 

 Defendant does not challenge the findings below that the police had both probable cause to arrest and probable cause to search. Instead he maintains that the People failed to establish the necessary "nexus” between the circumstances of the arrest and the probable cause justifying the search. Under defendant’s theory, the search of his truck was improper because the probable cause supporting it arose from acts allegedly committed at another time and place unrelated to the arrest. As defendant sees it, a search can be justified under the automobile exception only when the search is necessary to locate evidence related either to the crimes for which the arrest was made or for crimes of which they become aware during the stop. Because possessing an illegal VIN plate and driving without a license are not crimes for which evidence will be found inside the vehicle, defendant asserts the courts below erred in not granting suppression.
 

 Under the Fourth Amendment of the United States Constitution, a search conducted without a warrant issued by
 
 *467
 
 an impartial Magistrate is per se unreasonable unless one of the established exceptions applies
 
 (California v Acevedo,
 
 500 US —, —, 114 L Ed 2d 619, 634;
 
 Mincey v Arizona,
 
 437 US 385, 390;
 
 Katz v United States,
 
 389 US 347, 357). One such exception is the so-called "automobile exception”, under which State actors may search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there
 
 (California v Carney,
 
 471 US 386, 390;
 
 Cady v Dombrowski,
 
 413 US 433, 442;
 
 Carroll v United States,
 
 267 US 132). Elimination of the warrant requirement in these cases has been justified both by the mobility of vehicles — and the concomitant likelihood that evidence or contraband will disappear if the search is delayed — and by the diminished expectation of privacy held by those who occupy motor vehicles
 
 (California v Carney, supra,
 
 at 392-393). Although the search may proceed without a warrant, it must still be supported by probable cause
 
 (id.,
 
 at 394-395;
 
 Carroll v United States, supra,
 
 at 154).
 
 *
 
 Inasmuch as the police had probable cause to search the truck, their doing so was permissible under the Fourth Amendment.
 

 When applying our State Constitution we have held that the police must not only have probable cause to search the vehicle but that there must also be a nexus between the arrest and the probable cause to search
 
 (People v Blasich,
 
 73 NY2d 673;
 
 People v Langen,
 
 60 NY2d 170, 180-181,
 
 cert denied
 
 465 US 1028;
 
 People v Belton,
 
 55 NY2d 49;
 
 see,
 
 NY Const, art I, § 12). Though
 
 Langen
 
 characterized the nexus as a connection "between the probable cause to search and the crime for which the arrest is being made” (60 NY2d, at 181), we made clear in
 
 Blasich (supra,
 
 at 680) that the requirement of a connection is flexible. Specifically, we declined to hold in
 
 Blasich
 
 that the inquiry was to focus solely on the crimes for which a defendant was formally arrested. Instead, we held "the proper inquiry in assessing the propriety of a
 
 Belton
 
 search is simply whether
 
 the circumstances
 
 gave the officer probable cause to search the vehicle”
 
 (id.,
 
 at 681; emphasis added).
 

 Thus, contrary to defendant’s assertions, a
 
 Belton
 
 search can be justified on grounds other than those that initially
 
 *468
 
 prompted police to stop the vehicle. Indeed, in
 
 Belton
 
 itself, the vehicle was stopped for speeding, but the search was justified on the basis of probable cause to believe drugs were present (55 NY2d, at 55). The evidence providing the basis for that probable cause came to light only after the stop was made
 
 (id.; see also, People v Ellis,
 
 62 NY2d 393).
 

 Nor is there merit to defendant’s assertion that the probable cause must be based on circumstances occurring in the narrowly constricted time frame immediately before and during the automobile stop. In
 
 People v Blasich,
 
 for instance, defendant was seen driving suspiciously in an airport parking lot early one evening. A police officer stopped the vehicle but, satisfied with defendant’s answers, took no further action. Nearly an hour later, when a car was reported leaving the lot without paying, the officer suspected defendant and then verified that the car was the one he had stopped earlier. He subsequently found the car, with defendant behind the wheel, at a nearby service station. When the officer approached, he noticed tools on the floor commonly used to break into cars. The hearing court’s determination of probable cause was based not only on the presence of the tools but also on police observation of defendant’s earlier actions in the parking lot (73 NY2d, at 679-680) — events clearly outside the limited time frame that defendant believes should govern the nexus inquiry.
 

 Indeed, the circumstances here closely parallel those in
 
 Blasieh.
 
 Earlier investigation by police had raised suspicions about defendant. Then during a legal stop of defendant’s vehicle, further evidence of crime became apparent. When questioned, defendant made inculpating statements about having borrowed the truck from the Long Island woman. As in
 
 Blasieh,
 
 this combination of evidence — derived both before and during the stop — provided not only probable cause to search but a sufficient nexus between the probable cause and the arrest.
 

 This is not a case where a long-dormant investigation of crimes unrelated to the arrest is proposed as a justification for a warrantless search following the arrest. Surveillance of defendant for possible involvement in automobile theft and dismantling had been ongoing even on the day of the arrest. Both the stop and the formal charges were premised on the possession of an illegal VIN plate, a crime intimately related to automobile theft and dismantling. Evidence discovered
 
 *469
 
 during the stop contributed to the probable cause to search. In short, the relationship between the circumstances of the arrest and the probable cause to search was not only adequate but indisputable. Because both probable cause and the required nexus were present, the search of the truck did not exceed permissible bounds.
 

 We have reviewed defendant’s claim that the application for a warrant to search defendant’s yard and garage was defective and find the procedure satisfied the statutory requirements
 
 (see,
 
 CPL 690.35;
 
 People v Hanlon,
 
 36 NY2d 549).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Hancock, Jr., Bellacosa and Smith concur.
 

 Order affirmed.
 

 *
 

 The automobile exception is to be distinguished from a search incident to arrest and the inventory search, neither of which is based on probable cause
 
 (see, e.g., People v Torres,
 
 74 NY2d 224 [incident to arrest];
 
 People v Galak [Galak I],
 
 80 NY2d 715 [inventory search]).