■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTANA, Appellant. [622 NYS2d 14] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered July 6, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, to run consecutively to time owed on a parole violation, unanimously affirmed.

After New York City police officers observed defendant

make hand-to-hand transactions involving the exchange of a glassine envelope for money and defendant attempted to flee on his bicycle after he was ordered to halt, the stop and search of the handlebar of the bicycle was proper under the automobile exception to the warrant requirement *(see, California v Carney,* 471 US 386; *People v Belton,* 55 NY2d 49, 53-55). Bicycles and motor vehicles share characteristics of ready mobility, and users of both mechanisms on the public street have a diminished expectation of privacy with respect thereto.

Any issue arising from the court's inadvertent omission in its charge of a no adverse inference instruction (arising from defendant's failure to testify in his own behalf) is unpreserved for appellate review since defendant failed to draw the court's attention to the omission after the court agreed to the request and had given such charge during the jury *voir dire. (See, People v Whalen,* 59 NY2d 273, 280.) In view of overwhelming evidence of defendant's guilt, any such error was harmless *(People v Crimmins,* 36 NY2d 230). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Tom, JJ.