■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERT CRUZ, Also Known as RICHARD CABRERA, Respondent. [777 NYS2d 66]—

Order, Supreme Court, New York County (Charles Tejada, J.), entered on or about October 7, 2002, which granted defendant's motion to suppress evidence and dismissed the indictment, unanimously reversed, on the law, the motion denied, and the indictment, charging defendant with criminal possession of a weapon in the third degree, reinstated.

On May 3, 2002, Sergeant Christopher Lawrence, Detective Timothy Heines and undercover officer (UC) 7214, all experienced narcotics officers, took part in a buy-and-bust operation in a heavily drug-prone area. Around midnight, UC 7214 approached a Hispanic male on the corner of 119th Street and Amsterdam Avenue, whom he had seen before at the same location, and asked if he had "smoke." The man told UC 7214 to cross the street and "see the Jamaicans." UC 7214 complied and, from that vantage point, soon saw defendant approach the man with whom he had just spoken.

UC 7214 watched as defendant handed the man an unknown sum of money and the man removed "some object" from his pocket and, with a closed fist, palm down, put his hand into defendant's hand. UC 7214 could not see the object that was exchanged, which fit into defendant's closed fist. However, based upon his training and experience, the officer believed that he had witnessed a marijuana sale.

UC 7214 followed defendant, who entered the driver's side of a silver Cadillac. The officer then transmitted a description of defendant, the car and the direction in which it was headed to the field team. Lawrence and Heines, who were in an unmarked police car, stopped defendant's vehicle at 122nd Street. Lawrence went to the front passenger door of defendant's car and Heines to the driver's door. With his gun drawn, Heines ordered the four occupants to show their hands. Lawrence opened the front passenger door and saw a clear, plastic, "Ziplock" bag, only about one inch in diameter, containing what he recognized to be marijuana, on the floor of the passenger compartment. He then directed Heines to remove defendant from the car and handcuff him, which Heines did.

The other three passengers, all female, were also removed from the vehicle and handcuffed. Heines searched defendant but found no marijuana. Lawrence went back to the passenger's side, opened the fully closed glove compartment and recovered a loaded gun. Heines retrieved the Ziplock bag of marijuana that he had seen on the floor of the passenger compartment and found a similar bag of marijuana on the floor behind the driver's seat. At the station house, after being told what he was being

charged with but prior to the administration of *Miranda* warnings and before any questioning by the police, defendant admitted that the gun was his.

The motion court granted defendant's application, suppressed the gun seized from the car, suppressed defendant's statement as fruit of the poisonous tree and dismissed the indictment. In reaching its decision, the court found, among other things, that the officers had probable cause under *People v Jones* (90 NY2d 835 [1997]) to believe that a marijuana sale had taken place and to arrest defendant, but lacked probable cause to conduct a search of his car. The court reasoned that the undercover officer had testified that the item defendant purchased was small enough to fit in defendant's closed hand and, when Lawrence found a one-inch diameter Ziplock bag on the floor of the passenger compartment, the search should have ended. Thus, the court held that there was no basis for the officers to believe that the car contained any further evidence of the crime.

In view of the finding of probable cause to arrest defendant, the suppression court's determination was in error since the officers were authorized to search the car for additional contraband under the "automobile exception" to the search warrant requirement (*see People v Blasich*, 73 NY2d 673 [1989]; *People v Belton*, 55 NY2d 49 [1982]; *People v Galak*, 81 NY2d 463 [1993]). Where the police have reason to believe that a car may contain further evidence relating to a crime, they need not stop with the initial recovery of drugs or other contraband, but may search the entire vehicle, including closed containers (*see Blasich*, 73 NY2d at 678-681; *Belton*, 55 NY2d at 54-55; *People v Goss*, 204 AD2d 984 [1994], *lv denied* 84 NY2d 826 [1994]). Here, after observing marijuana in plain view, " 'there clearly was reason to believe that the automobile might contain other drugs' (*People v Belton*, 55 NY2d 49, 55 [1982]) and, therefore, the police were justified in searching the car pursuant to the automobile exception" (*People v Faines*, 297 AD2d 590, 595 [2002], *lv denied* 99 NY2d 558 [2002]). Although the unidentified object received by defendant was small enough to fit in his closed hand, there is no basis in the record to support the motion court's conclusion that only a single, one-inch Ziplock bag could fit therein. The undercover officer could not see how many tiny bags of marijuana were passed. The reasonable belief that more than one bag was sold in this single transaction was underscored by the officers' subsequent discovery of another, similar bag of marijuana on the floor of the rear passenger seat.

Since this is an appeal by the People, appellate review of the other issues raised by defendant must await his direct appeal,

should a conviction be obtained (*People v Clausell*, 182 AD2d 132, 136-137 [1992], *lv denied* 81 NY2d 761 [1992]; *People v Ponnapula*, 229 AD2d 257 [1997]). Concur—Tom, J.P., Mazzarelli, Saxe and Marlow JJ.