THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DERRICK BISHOP et al., Respondents. [783 NYS2d 438]—

Appeal from an order of the Erie County Court (Michael F. Pietruszka, J.), dated May 22, 2003. The order granted defendants' motion to suppress a handgun.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed and the indictment is dismissed.

Memorandum: In this prosecution of defendants for criminal possession of a weapon in the third degree (Penal Law § 265.02 [4], [5] [ii]), the People appeal pursuant to CPL 450.20 (8) from an order suppressing the gun, which was seized from defendants' vehicle, as the fruit of an illegal search and seizure. The testimony of the officer at the suppression hearing supports County Court's dispositive finding that the officer did not observe the gun protruding from under the driver's seat until he had entered the vehicle. We thus agree with the court that

the seizure of the gun cannot be justified under the plain view doctrine because the gun was not observed by the officer from a lawful vantage point (*see generally Horton v California,* 496 US 128, 136-137 [1990]; *People v Brown,* 96 NY2d 80, 89 [2001]; *People v Diaz,* 81 NY2d 106, 110-111 [1993]). We further agree with the court that the police lacked the requisite probable cause or articulated concern for their own safety that would justify the entry into the vehicle (*see People v Galak,* 81 NY2d 463, 467 [1993]; *People v Torres,* 74 NY2d 224, 229-231 [1989]). The People's contention that defendants implicitly consented to the officer's entry into the vehicle is raised for the first time on appeal and thus is not properly before us (*see People v Nieves,* 67 NY2d 125, 135-136 [1986]; *People v Johnson,* 64 NY2d 617, 619 n 2 [1984]; *People v Dodt,* 61 NY2d 408, 416 [1984]). In any event, that contention is unsupported by the record. Because this unsuccessful appeal by the People precludes all further prosecution of defendants for the charges contained in the accusatory instrument (*see* CPL 450.50 [2]), the indictment must be dismissed (*see People v Ryan,* 195 AD2d 1053 [1993]; *see also People v White,* 204 AD2d 1042 [1994]). Present—Scudder, J.P., Kehoe, Gorski and Hayes, JJ.