■ The People of the State of New York, Appellant, v Jose Grullon, Respondent. [843 NYS2d 612]—

Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered October 25, 2006, which granted defendant's motion to suppress physical evidence and statements, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings.

The police action, in view of the totality of circumstances presented, was reasonable. In a high crime area at night, the police observed defendant's car speeding the wrong way on a one-way street, and going through a red light. This aggravated misconduct was considerably more suspicious than an ordinary traffic violation. An officer saw defendant "take his arm from the waistband area of his body, move his arm upwards and then put his arm forward into the center area of the car" and advised her partner that defendant was "doing something in the center." Her partner then saw defendant closing the center console compartment. After being ordered out of the car, defendant appeared "very nervous" and gave an inconsistent answer as to where he was coming from.

These observations by the officers provided a reasonable basis for them to fear for their safety which justified a limited intrusion into the console of the car (*see People v Anderson*, 17 AD3d 166 [2005]), especially since a passenger remained in the car and the console was within her reach (*see People v Alston*, 195 AD2d 396, 397-398 [1993]; *see also People v Jackson*, 79 NY2d 907, 908-909 [1992]). The evidence provided a satisfactory explanation for the decision by the police to permit the passenger to remain in the car, and that decision does not undermine the conclusion that the officers had a reasonable fear for their safety. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.