THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DiMATTEO, Appellant. [878 NYS2d 319]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 23, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony drug offender, to a term of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). On a particularly drug-prone block, an experienced officer saw a man come out of a building and walk quickly towards a car driven by defendant, who was the only occupant. Without any exchange of words, the man dropped an unidentified, softball-sized package through the passenger-side window and then ran back into the building as defendant immediately drove away. The officer testified that he recognized this particular pattern as a method of transferring drugs, and that he had often seen it occur in that neighborhood. This pattern, viewed in light of the officer's expertise, provided probable cause for defendant's arrest (*see People v Valentine*, 17 NY2d 128, 132 [1966]; *People v Ramos*, 11 AD3d 286 [2004], *lv denied* 4 NY3d 766 [2005]), regardless of the type of packaging employed (*see People v Jones*, 90 NY2d 835 [1997]; *People v Schlaich*, 218 AD2d 398 [1996], *lv denied* 88 NY2d 994 [1996]). A combination of factors rendered this conduct inconsistent with an innocuous transaction, including the haste of the participants, the fact that the package was dropped into the car rather than handed to its recipient, and the absence of the slightest greeting, acknowledgment or other conversation.

Since the officer had probable cause to believe that a drug transaction had occurred, he was entitled, under the automobile exception, to conduct a warrantless search of defendant's vehicle including the closed center console (*People v Yancy*, 86 NY2d 239, 245 [1995]). The record also supports the hearing court's alternative finding that the officer had reasonable suspicion on which to stop the car, and a reasonable basis to fear for his safety justifying a limited intrusion into the console, which was within defendant's reach as he sat in the car (*see People v Grullon*, 44 AD3d 516 [2007], *lv denied* 10 NY3d 765 [2008]). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ.