■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL PARSON, Appellant. [909 NYS2d 436]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; Ruth Pickholz, J., at trial and sentence), rendered February 5, 2008, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of seven years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record supports the court's findings, made after it viewed a surveillance videotape of the incident as well as hearing the officers' testimony. The furtive and suspicious activity seen by the observing officer and depicted on the videotape leads to the

inescapable conclusion that defendant unlocked the trunk of a car, took out drugs, and sold them to another person whose change in demeanor showed that he used them immediately. The pattern of behavior, viewed as a whole, lacked any innocent explanation (*see e.g. People v DiMatteo*, 62 AD3d 418 [2009]). Probable cause does not require proof beyond a reasonable doubt (*see Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]). This pattern provided probable cause for defendant's arrest, as well probable cause to believe there were additional drugs in the car, thus justifying the search under the Fourth Amendment's automobile exception (*see DiMatteo, supra*). Defendant's argument that his relationship to the car was "attenuated" is without merit; as noted, the only reasonable interpretation of the hearing evidence is that he was selling drugs from a supply kept in the trunk of the car.

Defendant failed to preserve his claim that the court should have given the jury a circumstantial evidence charge, and we decline to review it in the interest of justice. As an alternative holding, we find that no such charge was necessary (*see People v Daddona*, 81 NY2d 990 [1993]).

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.