People v Pastore (2019 NY Slip Op 06930)





People v Pastore


2019 NY Slip Op 06930


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


847 KA 19-00389

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
KENNETH PASTORE, DEFENDANT-RESPONDENT. 






JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR APPELLANT. 
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Erie County (John L. Michalski, A.J.), dated December 4, 2018. The amended order granted that part of defendant's omnibus motion seeking to suppress physical evidence seized from his vehicle and a statement defendant made to law enforcement after the seizure. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed and the indictment is dismissed.
Memorandum: The People appeal from an amended order granting that part of defendant's omnibus motion seeking to suppress physical evidence seized following a limited search of his vehicle and defendant's statement made after the seizure. The evidence at the suppression hearing established that officers responded to the complainant's home after receiving a call that he had been threatened by defendant. The complainant told an officer that defendant threatened to shoot him and that he believed the threat was serious because defendant had been in possession of a black handgun prior to the instant incident. Defendant, who was seated in his truck, which was parked in front of the complainant's home, acknowledged that he had previously said he would shoot the complainant if the complainant entered defendant's property. Based on that information and defendant's admissions that he owned a rifle, which was at his home, and that he had a Virginia pistol permit but no New York pistol permit, the officers searched defendant's person but recovered no weapons. The officers then searched the area near the driver's seat of defendant's truck, from which they recovered a loaded handgun.
We conclude that, contrary to the People's contention, Supreme Court properly suppressed the handgun recovered from defendant's vehicle. The automobile exception to the warrant requirement permits a police officer to " search a vehicle without a warrant when [the officer has] probable cause to believe that evidence or contraband will be found there' " (People v Johnson, 159 AD3d 1382, 1383 [4th Dept 2018], lv denied 31 NY3d 1083 [2018], quoting People v Galak, 81 NY2d 463, 467 [1993]). "Probable cause does not require proof beyond a reasonable doubt, but merely requires a reasonable ground for belief" (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018] [internal quotation marks omitted]). "[A]bsent probable cause, it is unlawful for a police officer to invade the interior of a stopped vehicle once the suspects have been removed and patted down without incident, as any immediate threat to the officers' safety has consequently been eliminated" (People v Mundo, 99 NY2d 55, 58 [2002]; see People v Torres, 74 NY2d 224, 226 [1989]). Here, the police did not have probable cause to search defendant's vehicle after they searched him and determined that there was no immediate threat to their safety (see Torres, 74 NY2d at 227), inasmuch as defendant was not alleged to have brandished a gun at the scene, there was inconclusive evidence that he actually threatened the complainant at the scene, defendant did not engage in any suspicious or furtive movements, and the officers did not observe any weapons or related contraband in the vehicle or on defendant's person (cf. Johnson, 159 AD3d at 1383; People v [*2]Page, 137 AD3d 817, 817 [2d Dept 2016], lv denied 27 NY3d 1137 [2016]).
Contrary to the People's further contention, the officers' search of defendant's vehicle was not justifiable as a limited safety search. Probable cause is not required for a limited search of a vehicle
" where, following a lawful stop, facts revealed during a proper inquiry or other information gathered during the course of the encounter lead to the conclusion that a weapon located within the vehicle presents an actual and specific danger to the officers' safety sufficient to justify a further intrusion' " (People v Jones, 39 AD3d 1169, 1171 [4th Dept 2007], quoting Torres, 74 NY2d at 231 n 4). However, the Court of Appeals has "emphasized . . . that a reasonable suspicion alone will not suffice" and that "the likelihood of a weapon in the [vehicle] must be substantial and the danger to the officer's safety actual and specific" (People v Carvey, 89 NY2d 707, 711 [1997] [internal quotation marks omitted]). Here, the People failed to tender any evidence demonstrating a substantial likelihood that a weapon was in the vehicle or that the presence of two passengers in the vehicle presented a specific danger to the officers (cf. People v Grullon, 44 AD3d 516, 517 [1st Dept 2007], lv denied 10 NY3d 765 [2008]; People v Alston, 195 AD2d 396, 397-398 [1st Dept 1993]; People v Ponce, 182 AD2d 1103, 1103 [4th Dept 1992], lv denied 80 NY2d 836 [1992]).
In light of the foregoing, defendant's post-seizure statement to a law enforcement agent was properly suppressed as fruit of the poisonous tree (see generally People v James, 27 AD3d 1089, 1091 [4th Dept 2006], lv denied 6 NY3d 895 [2006]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court