People v Gill (2023 NY Slip Op 01869)

People v Gill

2023 NY Slip Op 01869

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Higgitt, JJ. 

Ind. No. 4133/15 Appeal No. 15 Case No. 2018-878 

[*1]The People of the State of New York, Respondent,
v
Pedro Gill, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered May 24, 2016, convicting defendant of criminal possession of a controlled substance in the seventh degree, and sentencing him to three years' probation, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The evidence supported the court's finding of probable cause to believe that drugs would be found in defendant's car. Under the automobile exception, police may search a vehicle without a warrant when they have "probable cause to believe that evidence or contraband will be found there" so long as there is "a nexus between the arrest and the probable cause to search" (People v Galak, 81 NY2d 463, 467 [1993]). An experienced detective saw defendant participate in what reasonably appeared to be two separate drug transactions while defendant was sitting in the car, which was parked in a drug prone area. As the detective approached the car, he saw another man approach defendant with money in his hand. This man pulled the money back and stepped away, seemingly concerned about the detective's approach, and then admitted to possessing drugs. Thus, the detective had ample probable cause to believe that drug sales had occurred out of the vehicle, which entitled him to search the car under the automobile exception, resulting in the recovery of drugs (see People v DiMatteo, 62 AD3d 418, 419 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023