■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRADFORD, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Queens County (Chetta, J.), rendered January 6, 1989, convicting him of attempted criminal possession of a controlled substance in the fifth degree under indictment No. 4918/87, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 6, 1989, revoking a sentence of probation previously imposed by the same court (Bianchi, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of tampering with a witness in the second degree under indictment No. 2654/84. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion made under indictment No. 4918/87, which was to suppress certain physical evidence.

Ordered that the judgment and amended judgment are reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress certain physical evidence is granted, indictment No. 4918/87 is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order pursuant to CPL 160.50 under indictment No. 4918/87, and for further proceedings with regard to the violation of probation charge under indictment No. 2654/84.

The evidence adduced at the suppression hearing reveals that acting on an anonymous tip that a black male wearing yellow shorts and a white "T-shirt" had a gun in a black BMW automobile, two police officers responded to the location specified in the radio bulletin. There they observed the defendant, who fit the description given and who was approaching the driver's side of a black BMW parked at the curb. Without first making inquiry, but with guns drawn and held at their sides, the police officers approached the defendant and frisked

him, with negative results. One of the officers then searched the passenger side of the BMW and opened up its glove compartment, from which he retrieved a brown paper bag which proved to contain two aluminum foil packets of cocaine later determined to have a total weight of slightly more than one eighth of an ounce. No weapon was found in the vehicle, which was thoroughly searched at the precinct upon the defendant's arrest for illegal possession of a controlled substance.

Inasmuch as the police initially possessed at most only a reasonable suspicion that defendant had committed, was committing, or was about to commit the crime of illegal possession of a weapon *(People v Torres,* 74 NY2d 224, 227; *see also, People v Russ,* 61 NY2d 693; *People v De Bour,* 40 NY2d 210), they could lawfully intrude upon the defendant's person and possessions only to the extent necessary to secure their own physical safety, so as to enable them to conduct the inquiry permitted by CPL 140.50 *(cf., People v Torres, supra,* at 227, 231). Since the frisk of the defendant should have satisfied the officers that there was no immediate threat to their safety *(People v Torres, supra,* at 227), and since nothing occurred at the scene which warranted escalation of the permissible level of intrusion, the police should not have opened the glove compartment of the defendant's vehicle. Moreover, even if that action were lawful, there was nothing about the weight or appearance of the brown paper bag containing two packets of cocaine to suggest the presence of a weapon *(cf., People v Torres, supra,* at 226) so as to justify opening the bag to discover the evidence which served as the premise for the defendant's arrest. Therefore, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the cocaine.

In addition, since, on this record, we are unable to determine what effect, if any, the hearing court's erroneous ruling may have had on the defendant's decision to plead guilty, and since there is no independent evidence of the crime, reversal of the judgment of conviction for attempted criminal possession of a controlled substance in the fifth degree, vacatur of the guilty plea, and dismissal of indictment No. 4918/87 is required *(see, People v Coles,* 62 NY2d 908; *People v Guillermo,* 137 AD2d 832). Moreover, in light of our determination, since the violation of probation conviction under indictment No. 2654/84 was based on the defendant's judgment of conviction under indictment No. 4918/87, reversal of the violation of probation conviction is also required *(see, People v Archie,* 136

AD2d 553, 555; *People v Robinson,* 100 AD2d 945, 947). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.