■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIOLETTE ACEVEDO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was a passenger in a vehicle driven by Linardo Diaz that was stopped by a State Police officer for speeding and reckless driving. When the officer asked Diaz for his license and the vehicle's registration, Diaz stated that he did not have his license or any identification. The officer then directed Diaz out of the vehicle and accompanied him to the police patrol car, where a data check was performed to verify Diaz's license status and determine if the vehicle was stolen. In response to the data check, the officer was informed that Diaz was wanted on a narcotics warrant in Maryland. Diaz confirmed that he was the individual in question and that he was wanted for narcotics and weapons activities. The officer returned to the stopped vehicle and asked defendant to get out. When defendant exited the vehicle she removed a large bag that had been lying between her and Diaz. When she was asked to open the bag, defendant acted in a suspicious manner by turning her back to the officer and hiding the bag from his view as she opened it. At a suppression hearing, the officer testified that, in order to insure his own safety, he searched the bag for weapons. During the course of his search, he discovered a large quantity of cocaine.

Defendant contends that the suppression court erred in denying her motion to suppress this contraband. We disagree. A police officer who validly arrests an occupant of an automobile may contemporaneously search the vehicle, including containers therein, if he has "reason to believe that the vehicle or its visible contents may be related to the crime for which the arrest is being made * * * or there is reason to believe that a weapon may be discovered or access to means of escape thwarted" *(People v Belton,* 55 NY2d 49, 55, *rearg*

*denied* 56 NY2d 646). Here, Diaz was validly stopped for speeding and validly arrested based on the Maryland narcotics charges. Diaz advised that these out-of-State charges involved not only narcotics activities, but also weapons possession. Since the officer had reason to believe that a weapon might be in the vehicle or its closed containers, his warrantless seizure and search of the bag was proper and the evidence seized admissible *(see, People v Blasich,* 73 NY2d 673, 680-681; *People v Belton, supra).*

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Onondaga County Court, Mulroy, J.—criminal possession of controlled substance, first degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.