■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT DRAYTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered March 6, 1989, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. No questions of fact have been raised or considered.

On October 25, 1987, Detective Michael Zemser of the 83rd Precinct received a call from an anonymous informant, who stated that a light-skinned Hispanic male, 5 feet 10 inches tall, weighing 185 pounds, with a large afro, and carrying two handguns, would be delivering 20 hand grenades to a grocery store located at Suydam Street and Central Avenue in Brooklyn between 6:00 and 6:30 that evening. The anonymous caller —who did not have personal knowledge of the facts he related and obtained his information through another, unidentified source—further stated that the man would be driving a light brown or tan, 1986 Buick Regal, bearing New York license plate number XKC 916. This information was relayed to Detective Zemser's supervisor.

Based on this information, Detectives Stephen Chmil and Louis Scarcella proceeded in plain clothes and in an un-

marked vehicle to the area of Suydam Street and Central Avenue. At least two or three other unmarked police vehicles and six to eight officers in plain clothes were involved in the stakeout. Shortly after their arrival and at the appointed hour, the detectives observed a car which matched the description provided by the anonymous caller and bore the license plate number provided. The driver of the vehicle, who had a large afro, pulled up at the corner of Central Avenue and Suydam Street, conversed with one or two people on the street, and then proceeded down Central Avenue.

When the vehicle stopped at a traffic light, Detectives Chmil and Scarcella pulled their unmarked vehicle in front of the defendant's car, and two other unmarked police vehicles pulled up behind the defendant's car. Detectives Chmil and Scarcella exited their vehicle and approached the defendant with their guns drawn and their shields out. When Detective Chmil observed the defendant, "fumbling around in the front seat", he ordered the defendant out of the car, frisked him and recovered an empty holster from his waistband. Detective Scarcella then searched the front seat of the defendant's vehicle and recovered a loaded gun. Following a hearing, that branch of the defendant's omnibus motion which was to suppress physical evidence was denied. We reverse.

A police officer's entry into a citizen's vehicle and his inspection of personal effects therein are significant invasions of privacy, and "such intrusions must be both justified in their inception and reasonably related in scope and intensity to the circumstances which rendered their initiation permissible" *(People v Torres,* 74 NY2d 224, 229-230; *see, People v De Bour,* 40 NY2d 210, 215; *People v Cantor,* 36 NY2d 106). While here, as in *People v Torres (supra),* the detectives may, at most, have had a reasonable basis for suspecting the presence of a gun, "[t]heir information plainly did not rise to the level of probable cause to search" *(People v Torres, supra,* at 227) the passenger compartment of the defendant's automobile *(cf., People v Belton,* 55 NY2d 49, 55). Accordingly, the search of the passenger compartment was sustainable only upon the need to " 'find implements which could be reached by the suspect during the brief face-to-face encounter, not to uncover items cleverly concealed and to which access could be gained only with considerable delay and difficulty' " *(People v Torres, supra,* at 230, quoting 1 LaFave & Israel, Criminal Procedure § 3.8 [e], at 309). We find that the evidence adduced at the hearing was insufficient in this respect.

After ordering the defendant from his automobile and con-

ducting a protective pat down search which established that there was no imminent threat to their safety, there was no justification for conducting a further, more intrusive search extending to the removal of objects from under the passenger compartment of the defendant's automobile *(see, People v Torres, supra).* Moreover, and contrary to the People's contentions, neither the equivocal assertion that the defendant was "fumbling around" in the front seat after being pulled over *(cf., People v Santiago,* 136 AD2d 942), nor the officer's subsequent discovery of an empty holster on the defendant's person *(cf., People v Johnson,* 54 NY2d 958), sufficiently elevated the predicate of suspicion under the circumstances presented so as to warrant a search under the passenger compartment of the defendant's automobile *(see, People v Torres, supra).*

In light of the foregoing, we conclude that suppression should have been granted. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.