(December 19, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY J. SNYDER, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered July 7, 1989, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant has appealed his conviction after a jury trial of assault in the second degree. The pertinent facts as revealed by pretrial and trial testimony are as follows. Officer William Buchanan, responding to a police radio transmission to locate a black automobile, possibly a Fiero, containing two white males who were involved in an assault, noticed such a car within a minute of the transmission and stopped the car. Identification was requested from defendant, who was the driver, and he displayed a registration and an operator's license bearing his name. Officer Thomas Connors then ap-

peared at the scene. By further radio transmission the officers learned that a handgun might have been involved in the assault. Defendant and his passenger, codefendant James R. Wells, were told to step out of the car and were frisked. Buchanan observed an empty holster in the vehicle on the passenger's seat. Connors reached into the car and recovered an automatic pistol from the vehicle's center console. Thereafter Officer George Barlow arrived with the victim of the assault and a witness to the incident in tow. They both identified defendant and Wells as the perpetrators of the assault. Defendant and Wells were thereupon arrested, taken to headquarters where defendant was given his *Miranda* warnings, and interrogated. Defendant initially denied any knowledge of the purported assault, saying that he and Wells were out driving around. After the interrogating officer indicated that he would lock him up, defendant offered information as to drug dealers. The officer indicated, however, that he could not help defendant on such a matter. Defendant then made a statement implicating himself and Wells in the assault.

Defendant contends, on authority of *People v Torres* (74 NY2d 224), that the search of the vehicle and seizure of the pistol from its console was an illegal search and thus suppressible. Defendant's argument has merit. Having stopped the car and having removed defendant and Wells and frisked them, nullifying any threat of danger to themselves, the police should have sought further verification as to whether the appropriate persons and car were being detained. The search of the vehicle under these circumstances was premature and in violation of the 4th Amendment *(see, People v Torres, supra),* and therefore the pistol should have been suppressed. A short while after the search, the appearance of the victim and an eyewitness to the assault supplied the necessary information for the arrest of defendant and search of the vehicle. Defendant's conviction must therefore be reversed and a new trial ordered.

In light of this result, we decline to address defendant's remaining contentions except for his claim that his statements made to the police after his arrest should have been suppressed. In our view, County Court properly denied defendant's motion to suppress these statements. Defendant was given his *Miranda* warnings and the record supports County Court's finding that the statements were knowingly and voluntarily made.

Yesawich Jr. and Harvey, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. On the evening of May 11, 1988 Timothy Graven was driving to his home followed by a black Fiero sports car occupied by two white males. When Graven pulled into his driveway, the Fiero stopped behind his car and the two men jumped out and ran to Graven's car. One of the men stuck a handgun through the car window and ordered Graven to open his car door, whereupon the men began to beat Graven. The beating continued for a few minutes and the assailants then got back into their car and drove off. Graven ran to his house and called the police. He reported the assault and gave a description of the car and his assailants. The information was transmitted by radio and within a minute Officer William Buchanan noticed a car fitting the description and occupied by two white males. Buchanan stopped the car and ordered the occupants from the vehicle. At about that time Officer Thomas Connors appeared at the scene and a further radio transmission alerted the officers that a handgun had been involved in the assault. Buchanan looked into the car and observed an empty holster, in plain view, on the passenger seat. As a result, Connors reached into the car and opened the vehicle's center console where he recovered an automatic pistol. Shortly thereafter, Officer George Barlow arrived with the victim who identified defendant and James R. Wells as the perpetrators of the assault. Defendant and Wells were thereupon arrested and taken to police headquarters.

Clearly the radio transmission together with the observations made by Buchanan justified the forcible stop and questioning of the occupants of the car *(see, People v Pena,* 155 AD2d 310). Furthermore, the additional information that a handgun was involved in the assault and the observation of an empty holster in plain view on the passenger seat provided the officers with probable cause to believe that the vehicle contained contraband, i.e., a handgun. It is well established that, pursuant to the automobile exception, where there is probable cause to justify the search of a lawfully stopped automobile, each and every part of that vehicle including the center console may be searched *(see, United States v Ross,* 456 US 798; *People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028). The case of *People v Torres* (74 NY2d 224), relied upon by the majority, is distinguishable from this case. In *Torres* there was reasonable suspicion to forcibly stop and question the defendant, but there was no probable cause to believe that his vehicle contained contraband, as there was in the case at bar. Therefore, we would affirm the judgment of conviction.

Weiss, J., concurs. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a new trial.