■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE REED, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 13, 1989, convicting him of resisting arrest (two counts), assault in the second degree, and unlawful possession of marihuana under Indictment No. 3418/88, upon a jury verdict, and imposing sentence, and (2) two amended judgments of the Supreme Court, Queens County (Cohen, J.), both rendered August 24, 1989, revoking sentences of probation previously imposed by the same court upon a finding that he violated conditions thereof, after a hearing, and imposing sentences of imprisonment upon his previous convictions of criminal possession of a controlled substance in the fourth degree under Indictment No. 4645/84 and attempted criminal possession of a controlled substance in the third degree under Indictment No. 274/85. By opinion and order of this Court dated December 30, 1991, the matter was remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of peremptory challenges against black potential jurors at the trial of Indictment No. 3418/88 and the appeals were held in abeyance in the interim *(see, People v Reed,* 178 AD2d 666). The Supreme Court has now complied.

Ordered that the judgment and the amended judgments are reversed, on the law, a new trial is ordered with regard to Indictment No. 3418/88, and the matters are remitted to the Supreme Court, Queens County, for further proceedings with regard to the violation of probation charges under Indictment No. 4645/84 and Indictment No. 274/85. No questions of fact have been raised or considered.

Following the evidentiary hearing directed by this Court, the Supreme Court reported that the People failed to rebut the defendant's prima facie showing of racial discrimination. The People have not opposed this finding. After reviewing the transcript of the evidentiary hearing, we agree with the finding of the Supreme Court that the People failed to satisfy their burden of overcoming the presumption of discrimination found by this Court *(see, Batson v Kentucky,* 476 US 79; *People v Newman,* 176 AD2d 968; *People v Blunt,* 176 AD2d 741). Since there must be a new trial, we need not reach the defendant's remaining contention.

In light of our determination, since the violation of probation convictions under Indictment Nos. 4645/84 and 274/85 were based on the defendant's judgment of conviction under Indictment No. 3418/88, reversal of the violation of probation convictions is also required (see, People v Bradford, 162 AD2d 457). Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.