■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER MULLINS, Appellant. [602 NYS2d 156] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered May 23, 1991, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lipp, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On the evening of November 11, 1989, two Brooklyn police officers were on motor patrol when they received a radio communication advising them that two black men, driving a red car in the vicinity of Wilson Avenue and Decatur Street, were in possession of a gun. The officers immediately re-

sponded to the reported location, but saw no sign of the suspects. Less than a minute later, however, an unidentified man approached the officers, and told them that, "[t]he guys with the guns are driving up in a red car coming up the block". The officers then turned on their police lights, stopped the red car, and ordered the defendant and his passenger to exit the vehicle. Upon exiting the automobile, the defendant stood "on the driver's side of the car in the back", while his companion remained on the passenger side. One officer watched with her gun drawn. The other officer briefly frisked the two men, "open[ing their] clothes to check for weapons". When the frisk revealed no concealed weapons, the second officer searched the interior of the defendant's vehicle, and found a .380 automatic handgun underneath the driver's seat.

On appeal, the defendant contends that the Supreme Court erred in determining that the officers' reasonable suspicion that he possessed a gun provided a sufficient predicate for the search of the interior of his vehicle. We agree. Although the officers' reasonable suspicion that the defendant was in possession of a weapon justified the stop of the defendant's vehicle and the protective pat-down frisk (see, People v Salaman, 71 NY2d 869; People v Cartagena, 189 AD2d 67; People v Thorne, 184 AD2d 797), the officers were entitled to intrude upon the defendant's person and possessions only to the extent necessary to secure their own physical safety while conducting the inquiry authorized by CPL 140.50 (see, People v Torres, 74 NY2d 224; People v Bradford, 162 AD2d 457). Here, however, the defendant and his passenger had already been removed from the car and frisked without incident by the time the search of the interior of the defendant's vehicle was conducted. Since the frisk of the defendant and his passenger should have satisfied the officers that there was no immediate threat to their safety, there was no justification for conducting a search extending to the removal of objects from under the passenger compartment of the defendant's automobile (see, People v Torres, supra; People v Carbone, 184 AD2d 648; People v Drayton, 172 AD2d 849; People v Bradford, supra). In this regard, we note that, contrary to the People's contention, the handgun concealed underneath the front driver's seat was not within the defendant's "grabbable" reach. Moreover, any residual fear that the officers may have had about the suspects' ability to break away and retrieve a weapon concealed inside the vehicle "could have been eliminated by taking the far less intrusive step of asking the suspects to move away from the vicinity of the car" (People v Torres, supra, at 230). Accord-

ingly, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the handgun recovered from his vehicle. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.