■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TITUS L. STEWART, Appellant. [606 NYS2d 484] —Judgment unan-
imously reversed on the law, motion to suppress granted and
indictment dismissed. Memorandum: Defendant contends that
County Court erred in denying his motion to suppress the gun
discovered in a car in which he was a passenger and his
statements to the police. We agree.

At approximately 8:50 P.M. on January 3, 1992, the police
received a dispatch that an armed robbery had occurred at
Patsy's Pizza and that the suspect was a black male wearing a
green jacket. Shortly thereafter, investigating officers observed
a white car in a parking lot two blocks from the robbery. The
driver's door of the car was slightly open and the engine was
running. Defendant was sitting in the front passenger's seat of
the car. The officers observed a black male wearing a green
jacket approaching the car. As that individual entered the car,
one officer approached the driver's side of the vehicle, while
another approached the passenger's side. The officers directed
the occupants to leave the car and place their hands on it; the
officers patted them down without incident or discovery of any
contraband. After frisking defendant, an officer reached under
the car seat and discovered a weapon. Because the officers had
removed the occupants from the car and patted them down
without incident, the search of the car was not reasonably
related to the need to protect the officers' safety and, there-
fore, was improper (see, People v Torres, 74 NY2d 224; see also,
People v Mullins, 196 AD2d 894; People v Snyder, 178 AD2d
757, affd 80 NY2d 815; People v Drayton, 172 AD2d 849, lv
denied 78 NY2d 921). Consequently, the gun seized during the

search and defendant's statements, which were the fruit of that improper search, must be suppressed. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Weapon, 3rd Degree.) Present—Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.