■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEILA FEARNOT, Appellant. [606 NYS2d 288] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Thomas, J.), rendered April 29, 1992, convicting her of robbery in the second degree and burglary in the second degree under Indictment No. 301/92, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered April 29, 1992, revoking a sentence of probation previously imposed by the same court (Griffin, J.), upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of burglary in the third degree, under S.C.I. No. 6576/91.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the amended judgment is reversed, on the law, and the matter is remitted to the trial court for further proceedings in accordance herewith.

The defendant was convicted of the robbery of a former acquaintance and the subsequent burglary of his home. However, due to *Rosario* violations, a new trial must be ordered.

On appeal, the People concede that they failed to disclose certain *Rosario* material until after the trial had been completed. Further, they correctly concede that this undisclosed material contains certain statements by the complainant, who testified at trial, relating to the subject matter of his testimony concerning the burglary. Thus, as no exception to disclosure under *Rosario* and its progeny applies, the defendant's conviction of burglary in the second degree must be reversed and a new trial ordered *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *People v Banch,* 80 NY2d 610; *People v Young,* 79 NY2d 365; *People v Ranghelle,* 69 NY2d 56; *People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914; CPL 240.45).

In addition, although not conceded by the People, the defendant's conviction of robbery in the second degree must also be reversed. Scrutiny of the record reveals that an undisclosed police report contains a description by the complainant of the robbery. Thus, as no exception to disclosure under *Rosario* and its progeny applies, the defendant's conviction of robbery in the second degree must also be reversed and a new trial ordered *(see, People v Rosario, supra; People v Banch, supra; People v Young, supra; People v Ranghelle, supra; People v Consolazio, supra;* CPL 240.45).

As a consequence of the defendant's convictions of robbery in the second degree and burglary in the second degree, the defendant admitted at her sentencing to violating a sentence of probation imposed upon a previous unrelated charge. Thus, because the defendant's robbery and burglary convictions are being reversed, reversal of her violation of probation conviction is also required *(see, People v Reed,* 186 AD2d 159; *People v Bradford,* 162 AD2d 457).

Although not dispositive of this appeal, we note that the prosecutor in his summation, without evidentiary support, *inter alia,* suggested that the defendant was a prostitute. He also made seemingly random comments about people who sell sex for crack and the AIDS epidemic. The prosecutor's com-

ments went beyond the permissible bounds of broad rhetorical comment and should not be repeated at the new trial *(see, People v Whalen,* 59 NY2d 273; *People v Bailey,* 58 NY2d 272; *People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105).

We have considered the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.