■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA DOLSON, Appellant. [625 NYS2d 110] —Judgment unanimously affirmed. Memorandum: Defendant had been stopped for traffic violations when the arresting officer learned that a vehicle identical to defendant's had just been involved in a drive-by shooting about two blocks away. Defendant and the three passengers were removed from the vehicle, handcuffed, and placed in police vehicles. The police seized a gun found beneath the passenger seat. Defendant contends that the search was improper because it was not reasonably related to the need to protect officer safety, relying on *People v Stewart* (199 AD2d 1043, *lv denied* 83 NY2d 810) and *People v Mullins* (196 AD2d 894). The People contend that the search was proper pursuant to a lawful arrest for the drive-by shooting, relying on *People v Belton* (55 NY2d 49, 55, *rearg denied* 56 NY2d 646) and *People v Acevedo* (167 AD2d 891, *lv denied* 77 NY2d 875). The record supports the People's contention.

We further conclude that the subsequent inventory search of the vehicle was justified *(see, People v Scott,* 210 AD2d 920) and that the inventory search was conducted pursuant to standardized procedure *(cf., People v Acevedo-Sanchez,* 212 AD2d 1023). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.