■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MCLAUGHLIN, Appellant. [644 NYS2d 1007] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Cohen, J.), rendered January 13, 1995, convicting him of attempted robbery in the second degree under Indictment No. 1355/94, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 13, 1995, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of robbery in the first degree under Indictment No. 2650/92.

Ordered that the judgment is reversed, on the law, and a new trial is ordered on Indictment No. 1355/94; and it is further,

Ordered that the amended judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

Upon a timely objection to the prosecution's use of peremptory challenges based upon race, the trial court must undertake a three-step analysis: (1) the defendant must make a prima facie showing that the prosecution exercised its peremptory challenges for discriminatory purposes, (2) if such a showing is made, the prosecution must articulate race-neutral explanations for its challenges, and (3) the trial court must determine whether the proffered reasons are pretextual (*see, Batson v Kentucky,* 476 US 79, 96-98; *People v Allen,* 86 NY2d 101, 104; *People v Payne,* 88 NY2d 172). The prosecution concedes that

its explanations were not facially neutral. Since the reasons offered "betray[ed] a clear racial motive for the prosecutor's exercise of peremptory challenges" (*People v Chambers,* 80 NY2d 519, 530), the trial court should have denied the peremptory challenges. Accordingly, a new trial is required (*see, Hernandez v New York,* 500 US 352, 360, *affg* 75 NY2d 300; *People v Jenkins,* 221 AD2d 659).

Since the finding that the defendant had violated a condition of probation was predicated on his conviction for attempted robbery in the second degree, reversal of that conviction is required and the matter is remitted for further proceedings (*see, People v Fearnot,* 200 AD2d 583; *People v Reed,* 186 AD2d 159; *People v Bradford,* 162 AD2d 457).

In light of our determination, we need not reach the defendant's remaining contention. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.