■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM H. RIVES, JR., and VANESSA A. WASHINGTON, Respondents. [654 NYS2d 797] —Appeal by the People from an order of the County Court, Orange County (Pano Z. Patsalos, J.), dated May 5, 1995, and entered in favor of each defendant, which granted those branches of the defendants' omnibus motions which were to suppress physical evidence.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendants' motions which were to suppress physical evidence are denied, and the matter is remitted to the County Court, Orange County, for further proceedings.

A police officer who has probable cause to arrest an occupant of an automobile may contemporaneously search the vehicle,

including any containers therein, if he has "reason to believe that the vehicle or its visible contents may be related to the crime for which the arrest is being made" (*People v Belton*, 55 NY2d 49, 55; *see also, People v Langen*, 60 NY2d 170, *cert denied* 465 US 1028; *People v Acevedo*, 167 AD2d 891). Here, the defendants' vehicle had been stopped in connection with a traffic violation (no issue has been raised on appeal as to the propriety of the stop). The arresting officer observed a glass pipe used to smoke crack cocaine, which apparently contained cocaine residue, on the front seat of the defendants' vehicle. These observations, together with the driver's inability to produce a valid registration or driver's license, provided the police with both probable cause to arrest the defendants and to believe that the vehicle contained contraband (*see, People v Blasich*, 73 NY2d 673; *People v Goldring*, 186 AD2d 675; *People v Acevedo, supra*). Accordingly, since the police had probable cause to conduct a warrantless search of the automobile for contraband, neither the use of a "drug-sniffing" canine nor the discovery of the drugs hidden behind the glove box was improper. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.