OPINION OF THE COURT
Wesley, J.
Defendant, a passenger in a lawfully stopped vehicle, was arrested when the police found almost a kilogram of cocaine in the trunk. The courts below found that the furtive movements of defendant prior to the stop when coupled with evasive actions of the automobile warranted a limited search of the vehicle. Because we agree that the police action was proper, we affirm.
On July 10, 1997, two officers on patrol in Manhattan observed a vehicle with Florida plates make a right turn on a steady red light. The officers activated their lights and followed the vehicle with the intention of notifying the driver that a right turn on a red light is not permitted in New York City. The vehicle came to a stop but when the officers approached on foot, it pulled away. The officers gave chase to the fleeing vehicle, this time with their lights and siren activated. The stop and pursuit cycle repeated itself. As the officers gave chase for a third time, the vehicle nearly struck a pedestrian crossing the street. During that time, the officers saw defendant in the backseat turn and face them and then make a movement as if he were hiding something. When the officers finally succeeded in stopping the vehicle they removed each occupant and patted them down.
Fearful that defendant had secreted a weapon in the cushions of the backseat during the pursuit, one officer searched that part of the car. The officer pulled down the armrest in the center of the backseat and observed an access panel leading to the trunk. Immediately recognizing the strong odor of a chemical compound used to “cut” or “cook” cocaine, the officer went to the rear of the vehicle, opened the trunk, and found a bag containing almost a kilogram of cocaine. Defendant moved to suppress the cocaine alleging that the officers’ actions violated his constitutional rights (see US Const 4th, 14th Amends; NY Const, art I, § 12).
Supreme Court denied defendant’s motion to suppress. Defendant was subsequently convicted of criminal possession of a controlled substance in the first and third degrees. The Appellate Division, with one Justice dissenting, modified the conviction on grounds not relevant here and, as modified, affirmed.
*58 Initially, we note that there is evidence in the record to support the finding that the police stopped the vehicle lawfully after having observed the illegal right turn on red (see People v Robinson, 97 NY2d 341 [2001]) and that the police were authorized to direct the driver and passengers to exit the detained vehicle (see People v Robinson, 74 NY2d 773 [1989], cert denied 493 US 966 [1989]). The question before the Court is whether the officer could lawfully search a limited area of the backseat in light of all the facts of this case (see People v Carvey, 89 NY2d 707 [1997]).
In People v Torres (74 NY2d 224, 226 [1989]), we explained that “[a] police officer acting on reasonable suspicion that criminal activity is afoot and on an articulable basis to fear for his own safety may intrude upon the person or personal effects of the suspect only to the extent that is actually necessary to protect himself from harm.” We held that absent probable cause, it is unlawful for a police officer to invade the interior of a stopped vehicle once the suspects have been removed and patted down without incident, as any immediate threat to the officers’ safety has consequently been eliminated.
Torres is premised on state constitutional grounds. We declined to adopt the United States Supreme Court’s decision in Michigan v Long (463 US 1032 [1983]), which found that an intrusion by the police “could be justified purely on the theoretical basis * * * that harm could occur after the investigation is terminated and the suspect is permitted to reenter his vehicle” (Torres, 74 NY2d at 231 n 4 [emphasis in original]).* We were careful, however, to note that “[findeed, there may well be circumstances where, following a lawful stop, facts revealed- during a proper inquiry or other information gathered during the course of the encounter lead to the conclusion that a weapon located within the vehicle presents an actual and specific danger to the officers’ safety sufficient to justify a further intrusion, notwithstanding the suspect’s inability to gain immediate access to that weapon” (id.).
Eight years later in People v Carvey (89 NY2d 707), this Court reexamined Torres. In Carvey, the officers observed defendant, a passenger in a lawfully stopped vehicle, place something beneath his seat. When the police approached the vehicle, they noticed defendant wearing a bulletproof vest, “an *59 article uniquely indicative of his present readiness to use an available firearm” (id. at 709). We found that the bulletproof vest in combination with the suspicious action of defendant in appearing to place something beneath the seat was ample evidence to support a finding that the officers could reasonably have concluded that “ ‘a weapon located within the vehicle present [ed] an actual and specific danger’ to their safety” (id. at 712, quoting Torres, 74 NY2d at 231 n 4).
The evidence in the record clearly supports the Appellate Division’s conclusion that the officers could reasonably have concluded that “ ‘a weapon located within the vehicle present-led] an actual and specific danger’ to their safety” (id.). The police attempted to stop the vehicle only to have defendant and his cohorts twice disobey the officers’ lawful commands. Moreover, the vehicle nearly struck a pedestrian in its attempt to evade the police. During the last pursuit the police observed defendant attempting to stash something in the middle area of the rear seat. The blatant disregard of the officers’ directions, the obvious lack of concern for the safety of others, in addition to defendant’s suspicious acts, created a perceptible risk to the officers that a weapon located within the vehicle would be a specific danger to their safety (see id.). The limited police intrusion in that area within the vehicle where the furtive movements had been seen was therefore justified (see Carvey, 89 NY2d at 712).
Defendant’s remaining contentions are without merit. Accordingly, the order of the Appellate Division should be affirmed.

 To the extent that defendant sought suppression of the cocaine under the Fourth Amendment of the United States Constitution, Michigan v Long (463 US 1032) is dispositive.