■ In the Matter of KARIF B., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [753 NYS2d 521] —In a juvenile delinquency proceeding pursuant

to Family Court Act article 3, the petitioner appeals from an order of the Family Court, Kings County (Hepner, J.), dated June 6, 2001, which, after a hearing, and upon a decision of the same court, dated June 4, 2001, made after a hearing, determining the juvenile's motion to suppress physical evidence, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The respondent was arrested after the police found a handgun in a bookbag located in a parked car in which he was sitting. In addition to the weapon possession charges filed against the respondent, he was charged with possession of ammunition found in the jacket pocket of one of his fellow passengers following a search incident to their arrests. The Family Court, following a hearing, granted the respondent's motion to suppress physical evidence, including the handgun and ammunition.

The petitioner's contention that the respondent lacked standing to challenge the legality of the search of the bookbag is without merit, as the petitioner presented evidence that the bookbag belonged either to the respondent or to another person sitting in the car, in which case the statutory presumption would apply (see Penal Law § 265.15 [3]; *People v Millan,* 69 NY2d 514, 519; *cf. People v Wesley,* 73 NY2d 351, 360-361).

The Family Court properly granted the respondent's motion to suppress physical evidence. The police were not justified in removing the bookbag from the car and searching it after the occupants had already been removed from the car and patted down without incident. The evidence established nothing more than a suspicion of the presence of a gun, rather than "an actual and specific danger to the officers' safety sufficient to justify a further intrusion" (*People v Torres,* 74 NY2d 224, 231 n 4; *cf. People v Mundo,* 99 NY2d 55; *People v Carvey,* 89 NY2d 707, 712). Florio, J.P., O'Brien, Adams and Crane, JJ., concur.