■ In the Matter of TERRELL W., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [753 NYS2d 529] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the petitioner appeals from an order of the Family Court, Kings County (Hepner, J.), dated June 6, 2001, which, after a hearing, and upon a decision of the same court, dated June 4, 2001, made after a hearing, determining the juvenile's motion to suppress physical evidence, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The respondent was arrested after the police found a handgun in a bookbag located in a parked car in which he was sitting. In a search incident to his arrest, the police found ammunition in his jacket pocket. The petition charged the respondent with several weapon possession offenses as well as unlawful possession of the ammunition. The Family Court, following a hearing, granted his motion to suppress physical evidence, including the handgun and ammunition.

The petitioner's contention that the respondent lacked standing to challenge the legality of the search of the bookbag is without merit, as the weapon possession charges were based solely on the statutory presumption which attributes possession of a handgun found in a car to the occupants of the car (see Penal Law § 265.15 [3]; People v Millan, 69 NY2d 514, 519; cf. People v Wesley, 73 NY2d 351, 360-361).

The Family Court properly granted the respondent's motion to suppress physical evidence. The police were not justified in

removing the bookbag from the car and searching it after the occupants had already been removed and patted down without incident. The evidence established nothing more than a suspicion of the presence of a gun, rather than "an actual and specific danger to the officers' safety sufficient to justify a further intrusion" (*People v Torres,* 74 NY2d 224, 231 n 4; *cf. People v Mundo,* 99 NY2d 55; *People v Carvey,* 89 NY2d 707, 712). The handgun recovered from the bookbag and the ammunition recovered from the respondent were therefore properly suppressed as fruit of the illegal search and arrest. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.