OPINION OF THE COURT
Memorandum.
Orders unanimously reversed on the law, defendant’s motion to suppress his statements and breathalyzer test results denied, simplified informations reinstated and matters remanded to the court below for all further proceedings.
As relevant to the instant appeal, defendant was issued three separate simplified traffic informations charging him with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2] ), driving while intoxicated (Vehicle and Traffic Law § 1192 [3] ), and reckless driving (Vehicle and Traffic Law § 1212). Prior to trial, the court conducted a probable cause/Huntley hearing. Thereafter, the court granted defendant’s motion to suppress based on a Payton violation (see Payton v New York, 445 US 573 [1980]). The instant simplified traffic informations were dismissed after the People noted that they could not prosecute defendant absent the statements and evidence suppressed by the court (GPL 450.50 [1]).
Initially we note that the People’s contention that defendant waived his right to raise the Payton issue is without merit. The hearing was held on consent. No motion papers were submitted. Inasmuch as both the Payton and probable cause issues involved the legality of defendant’s arrest, they are intertwined and the court properly considered same.
It is well settled that “when the People rely on consent to justify an otherwise unlawful intrusion they bear the ‘heavy burden’ of establishing that such consent was freely and voluntarily given” (People v Zimmerman, 101 AD2d 294, 295 [1984]; see also People v Gonzalez, 39 NY2d 122 [1976]). The People *42 must meet their burden through “clear and positive evidence,” and the voluntariness of the consent is to be evaluated from the totality of the circumstances (see People v Gonzalez, 39 NY2d at 128; see also Schneckloth v Bustamonte, 412 US 218, 223 [1973]). Moreover, consent may be established by conduct as well as words (People v Satornino, 153 AD2d 595 [1989]).
In the case at bar, the police officers obtained consent to enter the premises from defendant’s spouse (see e.g. People v Adams, 53 NY2d 1, 8 [1981], cert denied 454 US 854 [1981]). Defendant’s wife, who was outside the residence, advised the officers that her husband was the driver of the vehicle and that he was inside the premises. She accompanied the officers to the side door of the premises and allowed them entry. The officers waited in a hallway which was in front of a bathroom while Mrs. Vestea went to locate her husband. Considering the totality of the circumstances, it is apparent that defendant’s wife not only consented but cooperated with the officers in allowing them entry into the premises (see People v Richards, 119 AD2d 597, 598 [1986], lv denied 67 NY2d 1056 [1986]). Defendant came out of the bathroom and was asked by the officers to accompany them outside of the premises in order to provide them with his license and vehicle registration. The fact that defendant not only complied with the officers’ request, but also failed to raisb any objection to the officers’ presence in the premises, further establishes consent (see People v Smith, 239 AD2d 219, 220-221 [1997], lv denied 90 NY2d 911 [1997] [compliance with officers’ request and failure to object to entry and continued presence]; see also People v Brown, 234 AD2d 211 [1996], affd 91 NY2d 854 [1997]). Thus, the People met their “heavy burden,” and the officers were legally present in defendant’s premises (see People v Gonzalez, 39 NY2d 122 [1976], supra).
For the same reasons, the officers’ re-entry into the premises following defendant’s return thereto was also consensual. Defendant, after presenting the officers with his license and vehicle registration, returned to the premises. The officers then followed defendant into the premises and defendant, without objection, returned with the officers to the scene of the accident (see People v Smith, 239 AD2d 219 [1997], supra; see also People v Brown, 234 AD2d 211 [1996], affd 91 NY2d 854 [1997], supra).
In any event, inasmuch as defendant was only arrested and charged with reckless driving after he voluntarily returned to the scene of the accident and was thereafter charged with driving while intoxicated at the station house, there was no Payton *43 violation (Payton v New York, 445 US 573 [1980], supra; People v Reynoso, 2 NY3d 820 [2004]; People v Shene, 291 AD2d 823 [2002], lv denied 98 NY2d 655 [2002]). Finally, after reviewing the testimony at the hearing, we find no basis to suppress the statement made by defendant prior to being given his Miranda warnings. In addition, we note that the officers had probable cause to arrest defendant at the scene of the accident.
McCabe, P.J., Rudolph and Angiolillo, JJ., concur.