OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law, motion to suppress physical evidence granted, and matter remanded for further proceedings.
At approximately 12:40 a.m. on March 8, 2005, Police Officer Anthony Vicaretti observed defendant sleeping behind the wheel of a white Ford truck parked awkwardly in the lot behind Village Hall with the engine running and lights on. When the officer approached the vehicle, he saw an object between defendant’s legs which appeared to be a scope. Upon awakening, defendant told him the item was a “spotting scope,” but the officer did not know what such a scope was used for. The officer noticed that defendant was nervous and disoriented, his eyes were droopy and red, and his speech was slurred. He saw defendant fumbling both with the item on his lap as well as in the area to defendant’s right, near the console. The officer testified that he did not feel threatened by defendant or that he was in any danger. However, he felt nervous and asked defendant to exit the vehicle and proceeded to conduct a pat-down search of defendant which revealed nothing. The officer also conducted various field sobriety tests which defendant performed and passed. The officer then asked defendant if he would sign a consent to search form permitting the officer to search the interior of the vehicle. Defendant signed the consent form. During the search of the vehicle, the officer recovered a tray containing a white coating in the console and a tube found in the side door pocket containing cocaine. The court below denied defendant’s motion to suppress the physical evidence.
The People failed to meet their heavy burden of establishing the voluntariness of defendant’s consent (People v Gonzalez, 39 NY2d 122, 128 [1976]). The question of whether consent was voluntary, or only a yielding to overbearing official pressure, must be evaluated in light of the totality of the circumstances *47 (see Schneckloth v Bustamonte, 412 US 218, 224 [1973]; see also People v Guzman, 153 AD2d 320, 324 [1990]; People v Vestea, 6 Misc 3d 40 [App Term, 9th & 10th Jud Dists 2004]). “Submission to lawful authority is not voluntary consent” (People v Guzman, 153 AD2d at 324). Among the factors to be considered in determining whether consent was voluntary are whether the accused was in custody at the time consent was given (see People v Gonzalez, 39 NY2d at 128) and whether the accused knew he could refuse to consent (see Schneckloth v Bustamonte, 412 US at 229-233).
In the instant case, defendant was directed to exit his vehicle, subjected to a pat-down search, instructed to perform field sobriety tests and then told to sit down on the police vehicle before the officer asked him to sign the consent form authorizing a search of the interior of the vehicle. Defendant was treated as if he was not free to leave (see People v Milaski, 62 NY2d 147, 156 [1984]). We note that, although not mandatory, the People did not establish that defendant was advised that he could refuse to consent to the search (People v Guzman, 153 AD2d at 324). In view of the foregoing, we conclude that defendant’s consent was not voluntary.
In the absence of a voluntary consent, a search of a vehicle by police and the retrieval of property located therein must be justified “in its inception and reasonably related in scope and intensity to the circumstances which made initiation of the [police] conduct permissible” (People v O’Neal, 248 AD2d 561, 562-563 [1998], quoting People v Torres, 74 NY2d 224, 229-230 [1989]). If there is a substantial likelihood that there is a weapon present in a vehicle, giving rise to an actual and specific danger to the safety of the officer, a limited search of the vehicle will be justified (see People v Mundo, 99 NY2d 55, 62 [2002]; People v Carvey, 89 NY2d 707, 710-711 [1997]). After the officer ordered defendant from the vehicle and conducted a pat-down search which established that there was no imminent threat to the officer, there was no justification for conducting a search of the interior of the vehicle (see People v Drayton, 172 AD2d 849 [1991]). The officer never testified that he feared for his safety due to the possibility that defendant had a weapon in the vehicle, and there was no evidence establishing that the scope found on defendant’s lap was an accessory to a firearm which was “immediately associated with the presence of a deadly weapon” (People v Ellis, 62 NY2d 393, 397 [1984]; e.g. People v Drayton, 172 AD2d *48 849 [1991], supra). In light of the foregoing, the branch of defendant’s motion seeking to suppress physical evidence should have been granted. Accordingly, the matter is remanded to the court below for further proceedings.
We pass upon no other issue.
Rudolph, EJ., LaCava and Emerson, JJ., concur.