■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAMON CARRASCO, Respondent. [17 NYS3d 853]—

Order, Supreme Court, Bronx County (April A. Newbauer, J.), entered June 18, 2013, which granted defendant's motion to suppress physical evidence, unanimously affirmed.

Although the police lawfully stopped defendant's car for a traffic violation and lawfully arrested him when they learned his license was suspended, the record supports the hearing court's conclusion that the police had no lawful basis to search the car's center console, from which cocaine was recovered. There was no evidence in the record to support a finding that the officers could reasonably have concluded that "a weapon located within the vehicle present[ed] an actual and specific danger" to their safety (*see People v Mundo*, 99 NY2d 55, 59 [2002]). Defendant made no furtive movements, he complied with the police directives and he provided his identification. The five-second delay before defendant responded to the officer's instruction to roll down the window, without more, was not a reasonable objective basis for suspicion of criminal activity.

Nor did the People meet their burden of establishing a valid inventory search. There was no evidence that the officers were aware of or followed a standard protocol which limited their discretion, or that the search was designed to produce an inventory (*see People v Gomez*, 13 NY3d 6, 11 [2009]).

In light of the foregoing, we find it unnecessary to reach defendant's procedural argument for dismissal of the People's appeal. Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.