■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY MORRIS and ROHAN GOLDING, Respondents. [60 NYS3d 322]—

Appeal by the People from an order of the Supreme Court, Nassau County (Carter, J.), dated August 23, 2016, which, after a hearing on that branch of the omnibus motion of the defendant Anthony Morris which was to suppress physical evidence and pursuant to a stipulation in lieu of motions of the defendant Rohan Golding, granted suppression of physical evidence.

Ordered that the order is affirmed.

On January 14, 2015, just before 9:30 p.m., two police officers responded to a report of a shooting involving a white Infiniti SUV with several occupants, including one female. Approximately 15 minutes later and eight or nine blocks away from the location of the reported shooting, the officers observed an SUV matching that description parked in a strip mall parking lot, and a woman standing next to it. As the officers approached in their vehicle, the woman walked away, and the driver of the SUV began to drive away. The officers pulled the SUV over, exited their vehicle, and approached the SUV on foot, one officer on each side of it. The officers observed that the two male occupants, the defendants herein, were leaning toward each other, and each had an elbow on the SUV's center console. The officers did not observe any contraband or firearms inside the SUV. The driver complied with the officers' request to provide his license and registration, following which the defendants were removed from the SUV, frisked, handcuffed, and seated on a nearby curb to wait for eyewitnesses to the shooting to arrive. Additional officers arrived, one of whom approached the SUV and, noticing that the center console was slightly elevated, opened it and found a handgun. The defend-

ants were then arrested. The eyewitnesses subsequently arrived and confirmed that the defendants were not the persons who had committed the shooting. A second handgun was later found in the center console.

"[A]bsent probable cause, it is unlawful for a police officer to invade the interior of a stopped vehicle once the suspects have been removed and patted down without incident, as any immediate threat to the officers' safety has consequently been eliminated" (*People v Mundo*, 99 NY2d 55, 58 [2002]; *see People v Carvey*, 89 NY2d 707, 710 [1997]; *People v Torres*, 74 NY2d 224, 226 [1989]; *People v Baksh*, 113 AD3d 626, 628 [2014]; *People v Sanchez*, 226 AD2d 284 [1996]; *People v Stewart*, 199 AD2d 1043, 1044 [1993]; *People v Snyder*, 178 AD2d 757, 758 [1991], *affd* 80 NY2d 815 [1992]).

Under the circumstances here, where the defendants had been removed from the SUV, the police lacked probable cause for a warrantless search of its center console, and the weapons found as a result were properly suppressed (*see People v Baksh*, 113 AD3d at 628; *People v Vargas*, 89 AD3d 771, 772 [2011]; *People v Stewart*, 199 AD2d at 1044; *People v Snyder*, 178 AD2d at 758).

Accordingly, the Supreme Court properly granted suppression of the physical evidence seized from the SUV. Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.