People v Colon (2018 NY Slip Op 00062)





People v Colon


2018 NY Slip Op 00062


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Sweeny, J.P., Renwick, Kapnick, Kern, Moulton, JJ.


4467 1579/15

[*1]The People of the State of New York, Respondent,
v
Cristobal Colon, Defendant-Appellant.


Glenn A. Garber, P.C., New York (Glenn A. Garber of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered January 7, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.
The Court properly denied defendant's suppression motion. The record supports the court's finding that the totality of the information available to the police supported a reasonable conclusion that there was a weapon in defendant's van that posed an actual, specific danger to the officers' safety, justifying a limited protective search of the specific area associated with defendant's suspicious behavior (see People v Mundo, 99 NY2d 55, 57-59 [2002]). During a lawful traffic stop at a particular location known to police for significant drug activity and numerous recent shootings, the police saw defendant leaning down and reaching into an area below the center area of the dashboard. After a slight delay, defendant responded to the officers' request for a license and registration by answering that he had those documents in his back pocket. Meanwhile, defendant continued to use his right leg to push against a lower compartment area beneath the dashboard, and he appeared to be nervous. After defendant got out of the van as directed, the totality of circumstances warranted the limited intrusion of shining a flashlight on the lower compartment area that defendant had been pushing with his right leg (cf. People v Hardee, 126 AD3d 626 [1st Dept 2015], affd __ NY3d __, 2017 NY Slip Op 08038 ["(D)efendant's furtive behavior, suspicious actions in looking into the back seat on multiple occasions and refusal to follow the officers' legitimate directions" justified the limited
intrusion into the vehicle after the occupants had been removed and frisked]). As a result, an officer saw what he recognized to be a bag of drugs in the partly opened compartment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK