People v Dessasau (2019 NY Slip Op 00456)





People v Dessasau


2019 NY Slip Op 00456


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-11005
 (Ind. No. 197/16)

[*1]The People of the State of New York, respondent,
v
Delesley Dessasau, appellant.


Janet E. Sabel, New York, NY (Rachel L. Pecker and Lawrence T. Hausmen of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered August 14, 2017, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robert A. Schwartz, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
The defendant pleaded guilty to criminal possession of a weapon in the second degree, but did not waive his right to challenge on appeal the hearing court's denial of his omnibus motion, among other things, to suppress physical evidence, that is, the gun. Prior to entering the plea of guilty, the defendant moved, among other things, to suppress the gun that was recovered by a police officer from a bag in the rear seat of a parked minivan in which the defendant was the sole occupant. At the suppression hearing, the arresting officer testified that he approached the defendant, who was sitting in the front passenger seat of the minivan and talking with a man standing on the sidewalk, because the officer believed that the two men were smoking marijuana. The officer testified that he removed the defendant from the minivan and frisked him out of a fear for the officer's own safety; no weapon was recovered. The officer further testified that, at that time, he realized that the two men were smoking cigars, not marijuana. Nevertheless, the officer went around the minivan to the driver's side and opened the sliding door on that side, whereupon he observed a firearm sticking out of a bag behind the driver's seat.
We disagree with the hearing court's determination, sua sponte, that the defendant lacked standing to challenge the search of the minivan. The defendant, who had told the police at the police station that the minivan was his work van, had standing to challenge the search. Although the defendant had been sitting in the front passenger seat of the minivan, no evidence was presented [*2]to contradict his statements that it was his work van. The defendant's statements were sufficient to establish that he exercised sufficient dominion and control over the minivan to demonstrate his own legitimate expectation of privacy therein (see People v Gonzalez, 68 NY2d 950, 951; People v Wright, 140 AD2d 656, 657-658).
"[A]bsent probable cause, it is unlawful for a police officer to invade the interior of a stopped vehicle once the suspects have been removed and patted down without incident, as any immediate threat to the officers' safety has consequently been eliminated" (People v Mundo, 99 NY2d 55, 58; see People v Torres, 74 NY2d 224, 226; People v Baksh, 113 AD3d 626, 628). Contrary to the People's contention, under the circumstances here, where the defendant already had been removed from the minivan and no one else was in the minivan, the police lacked probable cause to conduct a warrantless search by opening the sliding door of the minivan, and the weapon found as a result of the unlawful search should have been suppressed (see People v Morris, 153 AD3d 729, 729—730; People v Baksh, 113 AD3d at 628-630).
Without the weapon, there could not be sufficient evidence to prove the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt and, therefore, the indictment must be dismissed (see People v Jones, 164 AD3d 1363; People v Baksh, 113 AD3d at 630).
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court